## R. L. BROWN v. J. F. ROLAND.

### No. 644. Decided May 16, 1898.

**1. Fixtures.**

In the absence of evidence as to his intention, the law presumes that the owner, in attaching improvements such as a boiler, engine, mill, and gin to the land, does it with a view to a lasting enjoyment of his estate and for its continued enhancement in value, and therefore same becomes a part of the land. (P. 57.)

**2. Same—Severance—Parol Sale.**

The owner of land who had erected thereon a steam mill and gin (the building being upon posts set in the ground and the machinery simply attached to the building to steady it, the boiler set in brick work and the engine bolted to timbers let into the ground), sold the machinery by contract not in writing, and afterwards conveyed the land by deed to a grantee, who mortgaged it to one having notice of the verbal sale of the machinery; Held, that the structures and machinery were a part of the realty, and the mortgagee, who had foreclosed and bought in the land, acquired title thereby to such fixtures as against the purchaser of the machinery, whose contract was void because not in writing. (Pp. 56, 57.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Kaufman County.

Action by Brown against Roland. Plaintiff obtained writ of error upon a judgment for defendant affirmed by the Court of Civil Appeals.

*J. S. Woods,* for plaintiff in error.—The gin and mill machinery, boiler and engine, and apparatus in this controversy were fixtures permanently annexed to the land, and any parol sale thereof to defendant and parol lease of the land upon which it was permanently affixed and annexed, to defendant for five years or less, was a contract clearly in violation of the statute of frauds, and a contract null and void in law.

Rev. Stats., arts. 2543, 2544; Hutchins v. Masterson, 46 Texas, 555; Farrar v. Stackpole, 6 Green., 157; Trull v. Fuller, 28 Me., 545; 2 Smith's Lead. Cas., 202.

The word "land" as used in our statute of frauds includes everything permanently annexed thereto, as between a mortgagee or vendee through the mortgage and a stranger, and the defendant in error, under this rule of law and facts in this case, is to be treated as a stranger. Madigan v. McCarthy, 108 Mass., 376; Gardner v. Finley, 19 Barb., 317; Graham v. Railway, 36 Ind., 463; McGregor v. Brown, 10 N. Y., 117; Burnside v. Twitchell, 43 N. H.., 390; Pierce v. George, 108 Mass., 78; Gibbs v. Estey, 15 Gray, 587; 1 Jones on Mort., secs. 428, 435; Tied. on Real Prop., 2 ed., sec. 2, p. 2.

The machinery permanently annexed to the land, as in this case, became part of and passed as a part of the land as security in the mortgage to plaintiff in error, and as such became a part of the land, and the title thereof passed to the plaintiff in error by the sheriff's deed, because J. F. Roland failed to sever said fixtures from the premises within the time required by law. Madigan v. McCarthy, 108 Mass., 376; Howell v. Schenck, 24 N. J. Law, 89; 1 Jones on Mort., sec. 445.

In doubtful cases the original intention of the parties making the annexation to the land should control in determining whether the annexation should be treated as a part of the realty or as personal property. Kelly v. Austin, 46 Ill., 156; Woolen Mill Co. v. Hawley, 44 Iowa, 57; Pugh v. Areton, L. R., 8 Eq., 626.

*Cunningham & Terry*, for defendant in error.—A parol sale and bargaining of fixtures to another passes the title to said fixtures as between the parties, and one who buys the land upon which the same are situated with notice that the undetached fixtures have been sold to another, takes no title to the fixtures thereon situated. Brown v. Roland, 33 S. W. Rep., 273; Moody v. Aiken, 50 Texas, 73; Mainwarring v. Templeman, 51 Texas, 213; Mullins v. Wimberly, 50 Texas, 457; Martel v. Somers, 26 Texas, 560.

The mere fact that personal property is fastened to the real property by nails or otherwise does not as a question of law render it a part of the realty. Harkey v. Cain, 6 S. W. Rep., 637; Copp v. Swift, 26 S. W. Rep., 439; Iron Works v. Davenport, 24 S. W Rep., 369.

The statute of frauds in Texas had in view to avoid agreements relating to the sale of lands by parol only where some interest is to be acquired in land itself, and not such as are collateral and by which no kind of interest is to be gained in the land; thus an agreement for the sale of fixtures or mere improvements on land is not within the statutes of frauds. 1 Beach on Con., p. 634, sec. 536; Frear v. Hardenbergh, 5 Johns., 272; Benedict v. Beebe, 11 Johns., 145; Scoggin v. Slater, 22 Ala., 687; Thouvenin v. Lea, 26 Texas, 612; 1 Beach on Con., p. 639, sec. 541; Marshall v. Green, L. R., 1 C. P. Div., 35; Purner v. Piercy, 40 Md., 212; 1 Greenl. Cruise on Real Prop., p. 55, sec. 45, and note; Mc-

Clintock's Appeal, 71 Pa. St., 365; Long v. White, 42 Ohio, 59; Hartwell v. Kelly, 117 Mass., 235; Beach v. Allen, 7 Hun, 441; Curtis v. Hoyt, 19 Conn., 154.

Where the grantee has notice of the right of another to remove annexations to the land they do not pass by deed to the grantee. Dev. on Deeds, sec. 1199, and note; Tifft v. Horton, 53 N. Y., 377; Voorhees v. McGinnis, 48 N. Y., 278; Raymond v. White, 7 Cow., 319; McCracken v. Hall, 7 Ind., 30; Hensley v. Brodie, 16 Ark., 511.

The American doctrine as to whether or not machinery is fixtures is, "whether the articles can be removed without essential injury to the freehold or to themselves." Dev. on Deeds, sec. 1214; Vanderpoel v. Van Allen, 10 Barb., 157.

DENMAN, Associate Justice.—Montgomery, being the owner of a large tract of land, erected thereon a mill and gin propelled by steam. The building was upon posts set in the ground; the boiler and engine were stationary ones, the former being set in brick work which almost inclosed it and the latter being bolted down to heavy timbers let into the ground, and the other portions of the machinery were attached to the building simply to steady them in the usual way. Several years thereafter he sold the machinery to Roland, agreeing that the latter might operate it as it stood upon the land for a period of five years or so long as he might desire and then remove same, which sale and agreement were not evidenced by writing, and a few days thereafter he, by general warranty deed duly executed, conveyed said land to Johnson, the deed containing no reservation of the machinery, Johnson however having notice of the sale to Roland and assenting thereto. Soon thereafter Johnson executed a deed of trust upon the land to secure a loan from Brown, and the latter by foreclosure of same acquired Johnson's title. The Court of Civil Appeals upon a conflict of evidence have found that Brown's agent at the date of the trust deed had notice of Roland's claim, and we will assume that fact in disposing of the case. Under this state of facts Roland attempted to remove said machinery, whereupon Brown obtained an injunction and Roland reconvened for damages for being deprived of the use of the machinery by reason of the injunction and damages on account of injury to the machinery from exposure through negligence of Brown pending the suit. Judgment for Roland for the machinery and damages having been affirmed by the Court of Civil Appeals, Brown has brought the cause to this court, making many assignments of error which in different forms urge the proposition that the trial court and Court of Civil Appeals erred in not holding the verbal sale of the machinery from Montgomery to Roland void. One of these assignments complains of the refusal to give the following charge: "The jury are charged, that if the evidence does not show an actual severance of the mill and gin machinery in question by some one of the owners of the fee in the land on which the machinery is situated, previous to the time when plaintiff became the owner of the land or a

lienholder thereon, then and in that event, the machinery in question passed in the sale and deed made by the sheriff of Kaufman County, Texas, to the plaintiff herein, and the jury should so find."

Since there was no evidence tending to show that there had ever been an actual severance of the machinery since Montgomery first attached it to the freehold as above stated, this charge was virtually an instruction that the verbal sale thereof to Roland was void, and that it therefore passed with the land under the trust deed and sheriff's deed to Brown. The case before us does not call for an opinion as to the validity of a verbal sale by a tenant of machinery so attached to the freehold by him that he has the right to detach and remove the same, nor of such a sale by the owner of the land who intended at the time of attaching same that it should not become a permanent accession to the freehold. It seems to be generally held that in such cases, at least as to the former, the things attached, having never ceased to be personalty, can be conveyed without writing. The question for us to determine is, whether Montgomery, the owner of the land, having placed the apparently permanent structures upon the same without any proved intent that they were not to be permanent accessions thereto, could subsequently make a valid verbal sale thereof without having first severed them from the land. We are of opinion that he could not. In the absence of evidence as to his intention the law presumes that the owner in attaching improvements of this character to the land does so "with a view to a lasting enjoyment of his estate, and for its continued enhancement in value," and therefore same becomes a part of the land (Tiffit v. Horton, 53 New York, 377; Hutchins v. Masterson, 46 Texas, 551; Jones v. Bull, 85 Texas, 136), and "a sale of it, even by the owner of the land, would be void, because in conflict with the statute of frauds." Hutchins v. Masterson, supra. Since the verbal sale from Montgomery to Roland passed no interest, the subsequent deed executed by the former to Johnson and the trust deed executed by Johnson and its foreclosure as aforesaid passed the title to Brown, notwithstanding the verbal sale to Roland, the attempted verbal reservation of his rights at the time of the conveyance from Montgomery to Johnson, and the notice thereof to Brown at the date of said trust deed. The verbal sale being contrary to the statute as to Montgomery, in order to give him the full protection of the statute it must be held that he could convey the property free of same though his vendee Johnson had full notice thereof, and having conveyed the land by deed in general terms, without expressing any reservation of Roland's rights, such terms of the deed can not be varied by engrafting thereon such parol reservation. Latham v. Blakely, 70 N. C., 368; Bond v. Coke, 71 N. C., 97; Madigan v. McCarthy, 108 Mass., 376; Pierce v. George, 108 Mass., 78; Burnside v. Twitchell, 43 N. H., 390.

For the error of the court in refusing to give said charge, the judgments will be reversed and the cause remanded.

*Reversed and remanded.*