### BOYD v. HURD. (No. 6117.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1918.)

1. FIXTURES ⬮⬯7—CONVEYANCE BY DEED OF LAND.

The purchaser of land by virtue of his deed acquired title to a certain pump, rods, and trough which had been affixed to the realty so as to become a part thereof.

2. PLEADING ⬮⬯236(3)—TRIAL AMENDMENT—DISCRETION OF COURT.

Privilege to file trial amendment is dependent on discretion of trial court, and its denial is not error in absence of showing of abuse of such discretion.

3. SALES ⬮⬯149—BILL OF SALE—FIXTURES TO REALTY.

Bill of sale covering gasoline engine, pipes, pump, rods, and trough could not transfer such part of the property as had become part of the realty under the law of fixtures.

4. FIXTURES ⬮⬯21—TITLE TO PERSONALTY—FIXATION TO LAND SOLD.

Title to personalty which had become part of realty was in vendor of land, subject to vendee's right to pay the price, failing in which the title, free from any equity in the vendee, passed to his successor, with title to the fixtures constituting a part of the land.

Appeal from Jim Wells County Court; L. Broeter, Judge.

Suit by T. H. Boyd against G. W. Hurd, Jr. From judgment for defendant, plaintiff appeals. Judgment affirmed in part, and reversed and rendered in part.

C. C. Forry, of McAllen, for appellant.

SWEARINGEN, J. This is a suit by T. H. Boyd, the appellant, to recover personal property from George W. Hurd, Jr. The cause was tried by the court without a jury, and judgment rendered in favor of the appellee, who was defendant in the trial court.

Appellant alleged that the property, which consisted of a gasoline engine, a pump, iron pipe, pump rods, a water trough, and some wire, were fixtures on the land subsequently purchased by him. It is alleged that the personal property described was affixed to the realty in 1912 by G. W. Hurd after purchasing the land on which a vendor's lien was retained by the vendor of Hurd, and that by reason of the annexation and adaptation, as well as intention of the purchaser of the land, the personal property became a part of the realty, and passed with the title of the realty from Hurd to the appellant, Boyd, in October, 1917.

Appellee answered that the personal property was not a part of the realty, but that it had been severed in September, 1916, sold and delivered to him by him father, G. W. Hurd. It was alleged that appellee took immediate possession of the personal property, and remained in actual possession of it from the date of his bill of sale to the present time.

The court found in its filed conclusions of fact and law that the engine and wire never became a part of the realty. But also found that the trough, iron pipe, pump, and pump rods did become a part of the realty. Both findings are supported by the evidence.

In the fourth assignment complaint is made of the court's finding that the gasoline engine was not a part of the realty. This assignment we overrule, because of our finding that there was sufficient evidence to support the trial court's finding.

---

⬮⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] In the sixth assignment it is urged that the court erred in awarding to appellee the pipe, pump, rods, and trough, all of which the trial court found was a part of the realty, and had been from 1912 until after appellant purchased the land. This assignment is sustained. As stated above, there was evidence to sustain this said finding of the court. In view of this fact, appellant acquired title thereto by virtue of his deed conveying the land. Jones v. Bull, 85 Tex. 136, 19 S. W. 1031; Phillips v. Newsome, 179 S. W. 1123; Hutchis v. Masterson, 46 Tex. 551, 26 Am. Rep. 286; Brown v. Roland, 92 Tex. 54, 45 S. W. 795; Quinn v. Dickinson, 145 S. W. 994; Simpson v. Masterson, 31 S. W. 419.

The bill of sale evidencing the transfer of the gasoline engine to appellee was properly admitted in evidence, since it was not a part of the realty. The first assignment presenting the objection is overruled.

[2] The second assignment, assailing the refusal of the trial court to permit the filing of a trial amendment, is overruled. The privilege of filing such pleading is dependent upon the discretion of the trial court, and no abuse of that discretion appears. Kenedy Pasture Co. v. State, 196 S. W. 288; Ferrell v. City of Haskell, 134 S. W. 784.

There was sufficient evidence to support the finding of the trial court that appellee was in actual possession of the property sued for. The third assignment assailing said finding is overruled.

[3] The fifth assignment complains of the finding of the trial court to the effect that the bill of sale to appellee transferred to him all of the property described therein. This assignment is sustained. The bill of sale could not transfer that personal property which had become a part of the realty.

[4] In view of the finding by the trial court that the pipe, pump, pump rods, and trough had become a part of the realty, the fact that appellee was in possession thereof and claiming them by virtue of a bill of sale from G. W. Hurd would not vest title in appellee. The title was in Hurd's grantor, subject to Hurd's right of payment, failing in which the title, free from any equity in Hurd, passed to appellant, and with the title to the land passed those fixtures found by the court to be a part of the realty. Phillips v. Newsome, 179 S. W. 1123.

The seventh assignment is also overruled, because the finding of the court that the wire was not a part of the realty is supported by the evidence.

The judgment of the trial court is affirmed in all respects, save and except in so far as it awards the trough, iron, pipe, pump, and pump rods to appellee, as to which, the court having found upon a sufficiency of evidence that they became a part of the realty when affixed to the land in 1912, the judgment is reversed, and judgment is here rendered that appellant recover possession thereof.

The judgment is affirmed in part and rendered in part. The costs incurred in this court are to be paid by appellee.