## SOUTHWESTERN OIL & GAS CO. v. KIMBALL OIL & DEVELOPMENT CO.
### (No. 6467.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 20, 1920.)

1. Mines and minerals ⬥80—Casing in oil well belongs to driller.

The property right in the casing in an oil well as well as the derrick, tools, etc., belongs to the driller of the well the same as trade fixtures and may be removed by him.

2. Mines and minerals ⬥80—Party entitled to complete well can prevent, by injunction, removal of casing.

Where defendants began drilling a well under a lease which gave plaintiffs the right to complete the well if defendants should not drill to a stated depth, plaintiff, on defendant's refusal to drill to that depth, can have enjoined removal of the casing from the well by defendant, though it belongs to defendant, since the removal of the casing under the act of the Thirty-Sixth Legislature, prohibiting the withdrawal of casing without consent of the Railway Commission, and the rule of the commission, requiring wells to be plugged when the casing was withdrawn, would deprive plaintiff of its right to complete the well if defendant removed the casing therefrom.

Appeal from District Court, Bexar County; W. W. Walling, Special Judge.

Suit for injunction by the Southwestern Oil & Gas Company against the Kimball Oil & Development Company. From an order of the district judge in vacation, denying an application for temporary injunction and dissolving a temporary restraining order therefore issued, plaintiff appeals. Reversed and remanded, with instructions to grant the injunction.

Ryan & Matlock, of San Antonio, for appellant.

Keller & Woodhull, of San Antonio, for appellee.

COBBS, J. Plaintiff brought this suit, praying for a temporary order enjoining and restraining the defendant from removing the casing from a certain oil well and from interfering with the rights of the plaintiff to finish said well and dig the same to a depth of 3,500 feet, and on final hearing a restraining order to be made permanent on such terms as may be equitable and for general and special relief.

This application was presented in vacation to Hon. W. W. Walling, who was acting as special judge for the Thirty-Seventh judicial district on the 14th day of August A. D. 1920, and thereupon directed notices to be served on the defendant to appear before him on the 21st day of August, 1920, to show cause why a temporary injunction should not issue as prayed for by plaintiff, and also ordered and directed that the restraining order likewise issue, to be in force until said hearing.

The defendant duly appeared at the time named, and filed exceptions and responsive pleadings. Evidence was introduced on said application, and a full hearing was had thereupon, on the 1st day of September, 1920, the day to which it was further set down by postponement, still in vacation, and the said temporary restraining order was dissolved by the court. Whereupon the said plaintiff

duly excepted and perfected an appeal to this court and the record thereof was filed in this court on the 1st day of September, A. D. 1920.

On the 10th day of September, A. D. 1920, petitioner filed in this court, in vacation, a motion for a restraining order setting out the same grounds about as were presented in the court below in the original and amended applications.

Judge A. N. Moursund announcing his disqualification, the hearing was in vacation, on the 15th day of September, 1920, before Chief Justice W. S. Fly and the writer of this opinion, who after hearing the same, all parties being present and before the court, the temporary restraining order was granted until this motion could be disposed of by this court and the petitioner required to enter in a bond in the sum of $1,000, payable to appellee, conditioned upon paying said appellee all damages that may accrue on account of the suing out of said writ.

The cause of complaint is that appellee had a lease upon certain lands in Medina county to develop and produce oil, and obligated itself to begin operation and drilling of a well on said leases within 90 days from the dates of the leases, and to continue the operation and drilling of said well with due diligence to the depth of 3,500 feet, or until oil in paying quantities is found at a lesser depth. The right was reserved, if for any cause the party failed or refused to test thoroughly or go to the proper depth to test the oil indications, the other party, appellant, may finish said well at its own expense and cancel all the leases.

It was alleged that appellee did in the month of May, 1919, begin drilling, and did drill, the same to a depth of 2,300 feet by means of a standard rig, and placed therein casing and pipes necessary to prevent the caving of the well to said depth, but refuses and fails to continue to drill to the depth of 3,500 feet, and now threatens to pull the said casings and pipe out of said well, and entirely abandon said well. If appellee should be allowed to pull out said casing, the well, now drilled to a depth of 2,300 feet, will cave in and be entirely lost, and petitioner would have no opportunity to finish the well under the terms of the contract, and that appellant is anxious, ready, and able to finish said well, which well would be destroyed by pulling out the casing.

The appellant makes no claim of title to the casing, etc., but only wishes it to remain there a reasonable time to permit it to complete the well, and aver it is willing to pay the reasonable value of the use of said casing during the period of time necessary to carry out and execute its rights in said well to the depth to which it should have been, to wit, 3,500 feet. There is no allegation as to what would be a reasonable time to do so, but that would be a matter of proof, and there is no proof as to that.

The foregoing are the claims of appellant, but the defense, in effect, is that if such be the proper construction of the contracts, and they provide that plaintiff might finish the well, it would be at its own expense, and not at the expense of defendant, nor with its tools, casing, and equipment. That defendant has expended in the neighborhood of $40,000 in drilling said hole and testing it to his satisfaction, and now has the right to remove said casing and all its personal property.

The petition presents such a case as guarantees the right to bore the hole deeper. If the appellee be allowed to remove the casing, appellant's opportunity to go deeper because of the mandatory requirements of the law passed by the Thirty-Sixth Legislature (Laws 1919, c. 155), which prohibits withdrawing casing from any well without the consent of the Railway Commission, would be lost. And under rule 10 of said Railway Commission, when wells are so abandoned, they are required to be plugged in accordance with the prescribed rules, and to allow appellees to carry out its purpose and plug said hole in accordance with the law, so sealed would destroy the rights of appellant to complete the well under the contract.

[1] The authorities cited in appellee's brief very clearly demonstrate the ultimate property right in all the personal property described, and we hold it is very clear that the casing in the oil well, derrick, tools, etc., are personal property, and belong to the driller the same as trade fixtures, and may be removed. Standard Oil Co. of La. v. Barlow et al., 74 South. (La.) 627.

[2] But we think it would be inequitable to hold that the appellee be allowed under the circumstances to withdraw the casing and plug the well in the very face of appellant's legal and contractual right to complete the well to the proper depth. So believing, we reverse the judgment of the trial court, and remand it for further hearing, with instructions to grant the injunction as prayed for upon such terms as the trial court may prescribe in reference to the time within which said well shall be drilled, and requiring such bond conditioned to pay for the reasonable use of said property and to pay all such further damages as may occur growing out of the use of said property pending the time it is so held, and that when said well shall have been completed, upon the expiration of said term limit, said casing and all the property so used by appellant be turned over and delivered to appellee, and said well be by appellant, if abandoned, plugged as the law and the rules of the Railway Commission require.

Reversed and remanded.

MOURSUND, J., disqualified.