## MARTIN et al. v. MARTIN et al.
### No. 4531.

Court of Civil Appeals of Texas.
Texarkana.
March 15, 1934.

Robert B. Keenan, of Tyler, for plaintiffs in error.

Edwin Lacy, Jack E. Price, and George Prendergast, all of Longview, for defendants in error.

JOHNSON, Chief Justice.

Plaintiffs in error here were plaintiffs in the trial court, and defendants in error were defendants in the trial court, and will be so referred to.

Plaintiffs, as heirs of W. P. and M. M. Martin, both deceased, brought this suit to recover of the defendants title and possession to a three-fourths undivided mineral interest in certain lands described, located in Gregg county. Plaintiffs alleged an oral reservation of the minerals from deeds conveying in fee simple their undivided interests in said lands to F. B. Martin, deeds dated 1909, 1916, and 1917, respectively; that said deeds were executed in pursuance to an oral agreement had between all the heirs in 1899, whereby it was then and there understood "that the minerals in and under said land should not pass to F. B. Martin but should remain in said heirs." It is not alleged that it was agreed or intended that when executed the deed should contain a reservation of minerals in the grantors, and no accident, fraud, or mistake in the execution of the deeds was pleaded. The allegation is rested on purely a separate and distinct oral agreement that the minerals under the land should be reserved out of the grant to F. B. Martin. It being the contention, in substance, of the pleader, as appears from the petition, that by reason of the agreement in 1899 to orally reserve the minerals in, and from passing out of, the grantors, the deeds subsequently executed and delivered in pursuance thereof conveying the fee-simple title passed the minerals into the grantee in trust only, referable to the 1899 oral agreement, namely: "That deeds would be executed and placed in the hands of F. B. Martin but would not be recorded until after he, F. B. Martin, had an opportunity to lease for oil and/or gas or other minerals in and under the above described tracts of land, and when the said F. B. Martin had a chance and opportunity to lease for oil and gas, then he was to notify John M. Martin, one of the plaintiffs herein. It was understood and agreed that deeds would be executed instead of a power of attorney but such deeds were not to be recorded until the land was leased for oil and gas or other minerals. * * * That it was

agreed and understood between the plaintiffs and F. B. Martin that title to the minerals and oil and gas rights should not pass by such deeds."

Defendants filed a general demurrer, and the following special exceptions to plaintiffs' petition:

"For special exception, the defendants specially except to the same for the reason that in paragraphs 2, 3, 4, 5 and 6, the plaintiffs set up an agreement for the reservation of minerals not alleged to be in writing and no time is specified for which the minerals were to be reserved, when the land was to be leased, for what period of time the land was to be leased, and sets up an unenforceable agreement in that it does not conform to the provisions of the Statutes of Fraud, Art. 3995, Revised Statutes of 1925, and nothing is stated in said alleged agreement upon which the lease was to be executed and the terms it was to contain, and nothing is stated showing the commencement and duration of the term of the lease that was to be given, and the alleged agreement as pled is wholly void.

"Wherefore they pray judgment of the Court.

"Defendants further specially except to the above quoted paragraphs for the reason that the pleadings show a conveyance in writing of the fee simple estate by the plaintiffs to F. B. Martin and they seek to vary by parol the terms and provisions of the deed and seek to offer parol proof of an alleged agreement to contradict and to vary the terms of the lease and no variations or exceptions are available in that the alleged deeds convey the fee simple title to the property, and no oral reservation of minerals can be grafted upon an absolute conveyance of the fee simple title.

"Wherefore, they pray judgment of the Court."

Defendants pleaded further a cross-action praying for affirmative relief. The court sustained defendants' demurrer and special exceptions to plaintiffs' petition. Plaintiffs excepted, refused to amend, and announced ready for trial upon defendants' cross-action. The trial upon defendants' cross-action was had to a jury. In answer to special issues, the facts found by the jury were in favor of defendants, and the court entered judgment accordingly.

■■■ The case is before this court by writ of error sued out by plaintiffs. The ruling of the trial court in sustaining defendants' demurrer and exceptions to plaintiffs' petition is the point presented for review. It is the contention of plaintiffs that "reservation of interest in real estate (by grantors) by parol agreement is valid," and "in the instant case F. B. Martin became the trustee for these heirs (grantors, plaintiffs), because of the oral agreement that the title should not pass by the deeds." And that this oral agreement comes squarely within the rule announced in the cases of James v. Fulcrod, 5 Tex. 512, 55 Am. Dec. 743, and Miller v. Thatcher, 9 Tex. 482, 60 Am. Dec. 172. These cases, and numerous authorities following them, announce what is now a settled rule of law in this state, "That under our statute of frauds an agreement creating a trust concerning land is not required to be in writing," as was required under the particular provisions of the English Statutes of Frauds and Perjuries not brought forward or adopted by our statute, as is pointed out in James v. Fulcrod, supra. But plaintiffs' facts pleaded do not come within the holding of any of these authorities, in that plaintiffs' case alleged is an attempt by the grantors of an absolute conveyance to create a holding of title in trust by the grantee for the grantors by ingrafting thereon a parol reservation, or exception to the grant; and for this reason the petition cannot be sustained. In Taylor v. County School Trustees (Tex. Civ. App.) 229 S. W. 670, 672, it is held: "Having conveyed the fee, it included the oil and gas, etc., underneath. And oral evidence was not admissible to establish anything inconsistent therewith."

In 14 Tex. Jur. § 177, p. 960, the rule is stated: "Where deed conveys lands in general terms without any reservation in favor of the grantor, the terms of the deed cannot be varied by grafting thereon a parol reservation," citing Brown v. Roland, 92 Tex. 54 [45 S. W. 795]; Ord v. Waller [Tex. Civ. App.] 107 S. W. 1166; [Alexander] Anderson v. Anderson [Tex. Civ. App.] 207 S. W. 205. Defendants' demurrer, and special exceptions to plaintiffs' petition were properly sustained.

Judgment of the trial court is affirmed.