## PASCHAL et al. v. HART et al.
### No. 1854.

Court of Civil Appeals of Texas. Waco.

April 1, 1937.

Rehearing Denied May 6, 1937.

338

J. S. Simkins, of Corsicana, for appellants.

R. R. Owen, of Corsicana, for appellees.

GALLAGHER, Chief Justice.

This case originated in the justice court. Appellants, being dissatisfied with the judgment rendered therein, prosecuted an appeal therefrom to the county court. The pleadings of the parties in the latter court, with the exception of a trial amendment by appellants, were oral. Appellees, Jesse Hart and Fred Wyrick, sued appellants, R. J. Paschal and Everett Payne, to establish title to and recover possession of certain oil well casing pulled by appellants from an abandoned oil well situated on a farm owned and occupied by one John Jones. The value of said pipe was alleged to be $180. Appellees sequestered same and appellants replevied. Appellees prayed for possession of the casing, and in the alternative, for the market value thereof. Appellants claimed title to said casing under an oral contract with said Jones, in pursuance of which they pulled the casing from the well and transported it to their place of business in Corsicana.

The testimony introduced at the trial in the county court was voluminous. The same showed, in substance, that said Jones owned a farm in Hill county on which were situated three or more abandoned oil wells, all of which contained casing set in cement therein; that appellants approached him with a proposition to purchase said casing; that he agreed with them that they should pull the casing from said wells and pay him pro rata for what they so salvaged and sold; that no definite amount was named, but that he left it to them to pay him what was right out of the proceeds of the sale of such casing. The testimony further showed that appellants pulled the casing in one well; that they told Jones they did not have the money then but that they would pay him as soon as they could sell such casing; that a certain emergency existed for the use of their pulling machinery elsewhere, but that as soon as such emergency job was completed they would return and pull the casing in the other wells. Shortly thereafter appellees approached Jones with a proposition to purchase the casing in one particular well. Jones informed them of the agreement he had with appellants. There is testimony in the record that appellees, or one of them, made disparaging remarks about appellants and stated, in substance, that they did not meet their financial obligations and that they would never return and pay Jones anything for the casing they had pulled from the first well and carried away. Jones thereupon executed and delivered to them the following writing: "Sold to Hart & Wyrick

25 Jan. Received on well 5.00 balance to be paid when pulled at 4¢ foot." Appellees then returned to Corsicana. Nothing further appears to have been done by them in connection with the pulling of the casing in the second well. A few days thereafter appellants returned to pull the casing in the second well. They had, however, in the meantime heard of the transaction between Jones and appellees. They paid Jones $50, $30 of which they claimed was for his share of the price received for the casing salvaged from the first well ·and $20 of which they claimed was advance payment on casing to be pulled from the other wells. There was testimony that Jones stated to them that while he had executed and delivered to appellees the writing aforesaid, that the transaction set out therein was conditioned on their returning and pulling the casing within four or five days and that they had failed to do so. He thereupon repudiated said transaction and authorized appellants to pull the casing from the remaining wells under their original agreement. Appellants pulled the casing from a second well and removed same to their place of business in Corsicana. They submitted testimony tending to show that the casing so pulled was inferior in quality and so firmly set in cement that the pulling of the same was attended with labor and expense approximating the amount afterwards received for the same. There was testimony that appellants also pulled the casing from the third well, but no issue concerning same is involved in this suit.

The case was tried before a jury. So far as shown by the record, no issue with reference to compliance with the provisions of the statute of frauds was raised by either party. Apparently the court held as a matter of law that under the pleadings and testimony, appellants had no title to nor interest in the casing drawn by ·them from said second well, and that the title thereto and right to the possession thereof were vested in appellees. The only issues submitted and the answers of the jury thereto were, in substance, as follows:

"(1) Do you find from a preponderance of the evidence that the sale of the pipe involved in this suit to plaintiffs Jesse Hart and Fred Wyrick was conditional upon the plaintiffs removing the casing from the well within four or five days? Answer: No.

"(2) If you have answered the foregoing issue 'No,' then you will further answer: What do you find from a preponderance of the evidence to be the reasonable market value at this date at Corsicana, Texas, of the casing involved in this suit? Answer: $149.60."

The court rendered judgment in favor of appellees against appellants for title to the casing sued for herein, and in the alternative, that appellees have and recover of appellants and the sureties on their replevy bond the value of the same in the sum of $149.60, as found by the jury.

### Opinion.

██ Appellants objected to the charge of the court because the issue as to whether they had purchased the casing and acquired title thereto from said Jones prior to the institution of this suit was not submitted therein, and they also prepared an issue making an affirmative presentation of such defense and requested the court to submit the same, which the court refused to do. Appellants present the action of the court in this connection as ground for reversal. Appellees seek to justify the action of the court on the ground that appellants' contract for the purchase and removal of said casing was void for uncertainty because the specific amount to be paid by appellants for such casing was not definitely fixed; and on the further ground that said casing constituted a fixture and had become a part of the realty, and that appellants' contract for the purchase thereof, being oral, was void under the statute of frauds. As before recited, there was testimony that Jones agreed with appellants that they should pull the casing from the wells, including the one involved in this case, and pay him pro rata for the casing they so salvaged and sold. When the price of property is not definitely fixed by the contract of sale, the law will imply a promise for the payment of such sum as the goods are reasonably worth, that is, their "reasonable price" or their "market price" at the time and place of delivery. 37 Tex.Jur., p. 161, § 51, and authorities there cited. Appellants' contract was not void because the price to be paid by them for the casing they might draw from the wells was not more definitely fixed. We think, however, that appellees' contention that the casing in this particular well, prior to its removal therefrom, was, under the testimony hereinbefore recited, a fixture and a part of the realty, should be sustained. As a general rule, the permanent annexation to the soil of a thing in itself personal makes it a part of the realty. Jones v. Bull, 85 Tex.

136, 139, 19 S.W. 1031; Brown v. Roland, 92 Tex. 54, 45 S.W. 795; Ginners' Mutual Underwriters v. Wiley & House (Tex.Civ. App.) 147 S.W. 629, 632, par. 10 (writ refused); Boyd v. Hurd (Tex.Civ.App.) 207 S.W. 339, par. 1; Van Valkenburgh v. Ford (Tex.Civ.App.) 207 S.W. 405, 420, par. 25, and authorities there cited, affirmed (Tex.Com.App.) 228 S.W. 194. However, as above stated, the defense of the statute of frauds was not invoked in the trial court either by specific pleading or by objection to appellants' testimony concerning their contract for the purchase and removal of said casing. Appellees cannot invoke the benefit of said statute for the first time in this court. 20 Tex.Jur., p. 264, § 55, and authorities there cited; Id., p. 210, § 3. The judgment of the trial court should therefore be reversed.

■ Said casing, though a fixture at the time of the original contract between appellants and said Jones and at the time of the contract between appellees and said Jones, became reimpressed with the character of personalty when, under the authority of said Jones, it was removed from said well by appellants and with his express consent, carried away by them. 19 Tex. Jur., p. 719, § 12; Longino v. Wester (Tex. Civ.App.) 88 S.W. 445; Terry v. Crosswy (Tex.Civ.App.) 264 S.W. 718, par. 6; Moore v. Carey Bros. Oil Co. (Tex.Com. App.) 269 S.W. 75, pars. 1 to 3, inclusive, 39 A.L.R. 1247, rehearing denied (Tex. Com.App.) 272 S.W. 440, par. 4, 39 A.L.R. 1247. In considering the application of the authority last cited to the facts of this case, we deem it proper to say that both appellants and appellees are claiming title to the casing under said Jones, and that his title thereto is not assailed.

■ Apparently the court's implied holding, that title to the casing had become vested in appellees prior to the time the same was pulled from the well by appellants, is based on the theory that the writing signed by Jones and delivered by him to appellees, as hereinbefore quoted, was sufficient under the statute of frauds to effect such result. A transaction affecting real property must be evidenced by a writing which contains a sufficiently definite description to make possible the identification of the property with reasonable certainty without resort to oral testimony. When the contract is for the conveyance of land, the writing must furnish in itself, or by reference to some other writing, the means or data by which the particular land

to be conveyed can be identified. 20 Tex. Jur. p. 311, § 103, and authorities cited in notes thereto; Osborne v. Moore, 112 Tex. 361, 247 S.W. 498; Anders v. Johnson (Tex. Com.App.) 276 S.W. 678, 679, pars. 1 to 3; Cantrell v. Garrard (Tex.Com.App.) 240 S.W. 533; Fagg v. Texas Co. (Tex.Com. App.) 57 S.W. (2d) 87. Even a cursory examination of said writing will disclose that the same does not meet the requirements of the statute of frauds (Vernon's Ann.Civ.St. art. 3995).

Appellants in their brief present propositions in which they complain of other matters which will probably not arise in the same way, if at all, on another trial and discussion thereof is therefore omitted.

The judgment is reversed, and the cause remanded.