## CLARK v. CLARK et al.

No. 5079.

Court of Civil Appeals of Texas. Texarkana.

May 20, 1937.

Moore & Moore, of Paris, for appellant.

Clark, Harrell & Clark, of Greenville, for appellees.

HALL, Justice.

Jessie Clark, a feme sole, and her tenant, A. B. Carrington, appellees, brought this suit against H. D. Clark, known as Hiram Clark, appellant, for an injunction to prevent Hiram Clark from removing a house and barn from land belonging to appellee Jessie Clark, and occupied and controlled by appellee A. B. Carrington. A temporary injunction was granted returnable to a subsequent term of the district court.

Appellant's answer consisted of general demurrer, general denial, and cross-action to the effect that the house and barn belonged to him and was constructed on appellee's premises with the understanding that they could be removed by appellant; that prior to 1920, the house in controversy belonged to appellant's father, Ben Clark, and was by him given to another son, Jasper Clark; that appellant moved this house onto the land of appellee when same belonged to her and husband, Joe Clark, brother of appellant, and when said land was a part of their community property, with the consent of the said Joe Clark; that said house was used by appellant in working Jasper's land, rented by him, which was located near the tract of land described in appellee's petition; that said house was used continually by appellant in cultivating Jasper's land from about 1920 to 1928, and in 1928 Jasper gave him the house if he would remodel and reconstruct same so as to make it habitable. During 1928 he did reconstruct said house and also built a barn nearby on the same tract of land on which the house was located, and continued to use said house and barn until May, 1934, since which time same has been used and occupied by appellee's tenant, Carrington; that the relation of

tenancy at will was created between Joe Clark and appellant whereby Joe Clark was to have the use of a small portion of appellant's land which adjoined Joe's tract of land, for the use of the land upon which the house and barn were located; that the house and barn were never fixtures upon appellee's land, but it was understood that the house first belonged to Jasper and later the house and barn both became property of appellant with the right to move them at any time he saw fit.

In answer to appellant's cross-action appellee alleged that in January, 1920, appellee and her then husband, Joe Clark, conveyed the land on which is now located the house and barn to Hiram Clark, and in 1922 appellant conveyed the property back to her and Joe Clark. That during the time appellant owned the land he placed thereon the house and barn in controversy in this suit and that when he conveyed the land back to her and her husband, Joe Clark, in 1922, no reservation respecting the title of the house and barn was inserted in said deed and the said parol reservation is therefore void as being in contravention of the statute of frauds. That in 1931 a separation agreement was entered into by and between appellee and her husband, Joe Clark, whereby she received as a portion of her part of the community estate, the tract of land on which is located the house and barn; and at the time of said separation agreement she had no notice or knowledge of the claim of appellant to the house and barn; that the right of appellant to remove said house and barn is barred by the two-year statute of limitation, and that appellant has forfeited his right of removal of said improvements by his failure to exercise said right within a reasonable time. That appellant having knowledge of the circumstances surrounding the separation agreement between her and her husband, Joe Clark, and having such knowledge of that fact, at the time she received the land on which the improvements were located in consideration for other property conveyed by her to her husband, and knowing that appellee had no knowledge of any claim to said improvements by appellant, would estop appellant to assert his claim to said improvements.

Appellant by way of answer to these allegations of appellee states that neither appellee nor her former husband, Joe Clark, ever made claim to the house and barn until shortly before the filing of this suit; that

appellee knew the improvements in controversy belonged to appellant, and that same was his personal property and was not a fixture on said land; that after division of the property between appellee and Joe Clark in 1931, appellant continued to use the improvements until May or June, 1934, at which time appellee Carrington permitted his son-in-law to occupy the house.

Trial was to the court without a jury, which resulted in judgment that appellant take nothing on his cross-action against appellees, and directing the issuance of a permanent writ of injunction against appellant restraining him from removing the improvements in controversy from the land of appellee. Appellant prosecutes his appeal to this court.

The record reflects that some time in December, 1934, appellant attempted to remove the improvements from appellee's premises and was restrained by a temporary writ of injunction. The record in the main substantiates the allegations of both appellant and appellee, except in the following particulars. The barn was not built upon the appellee's land in 1920 as alleged; but the uncontradicted evidence shows it was placed there in 1928. Nor does the record show that the house was placed upon the land at a time when it belonged to appellee with the consent of appellee's husband, but, on the contrary, shows that the house was removed and placed upon the land described in appellee's petition at a time when it belonged to appellant and while appellee and her husband, Joe Clark, were living in West Texas.

On motion of appellant the trial court filed findings of fact and conclusions of law, and appellant attacks same by pertinent assignments of error, among others, on the following grounds: (1) Because the court erred in finding as a fact, contrary to the undisputed evidence, that when the house was placed upon the 99-acre tract of land described in appellee's original petition it was agreed by Ben Clark, the donor of said house, that same should belong to appellant; (2) because the court erred in holding "that the reservation of title to said improvements by parol, at the time said real estate was conveyed by defendant (appellant) to Joe Clark, was void under the statute of frauds." We shall discuss these two assignments of error in the order set out.

The appellee testified that she knew nothing about the arrangements between Ben Clark and his sons concerning the removal of said house and the ownership thereof. The testimony in the record contains two references which would indicate that the house in question was given by the father, Ben Clark, to the appellant, Hiram Clark. The evidence is undisputed that appellant moved the house from the land of his sister to the land described in plaintiff's petition where it is now located at a time when said land belonged to him. The evidence is undisputed further to the effect that the house from 1922 until 1928, and the house and barn from 1928 to early in 1934, was used exclusively by appellant. Jasper Clark, the alleged donee, had nothing to do with the removal of the house or its use. He testified that he "had nothing personal to do with it." After the donation of the house by the father, no one except appellant exercised dominion or control over it. The only testimony that the house was given by the father to Jasper came from the estranged husband of appellee, his father and brothers, one of whom is appellant. In our opinion these facts and circumstances were sufficient to justify the finding by the trial court that the house was in fact given by Ben Clark, the father, to appellant, the son.

We shall next consider the second assignment relating to the parol reservation of title to said improvements at the time the real estate was conveyed by appellant to Joe Clark The deed from Hiram Clark to Joe Clark and wife, Jessie Clark, appellee, conveying the land on which the house was situated contained no reservation respecting the title to said house. In determining whether improvements placed upon land constitute fixtures or removable chattels, the following tests were evolved by the Supreme Court in Hutchins v. Masterson, 46 Tex. 551, 26 Am.Rep. 286: "1st. Has there been a real or constructive annexation of the article in question to the realty? 2d. Was there a fitness or adaptation of such article to the uses or purposes of the realty with which it is connected? 3d. Whether or not it was the intention of the party making the annexation that the chattel should become a permanent accession to the freehold?—this intention being inferable from the nature of the article, the relation and situation of the parties interested, the policy of the law in respect thereto, the mode of annexation, and purpose or use for which the annexation is made. And of these three tests, pre-eminence is to be given to the question of intention to make the article a permanent accession to the freehold, *while the others are chiefly of value as evidence as to this intention.*" (Italics ours).

Measured by the tests set out above, we think there can be no question from the evidence in this case but that the first two have been met, so we are concerned here with the third, the intention of Hiram Clark when he constructed the tenant house on this land with respect as to whether or not it should become a permanent fixture. As said before, this house was placed upon appellee's premises at a time when same was the property of appellant, and the presumption obtains in this state that when the owner places improvements, such as a house, upon his land, he intends it to become a fixture. Counts v. Dobbs (Tex.Civ.App.) 235 S.W. 716; Cor.Jur. vol. 26, p. 675, § 36. The house once having been placed upon the premises by the owner thereof, with the presumed intention that it should become a fixture, any reservation of the title to said house by parol at the time of the sale of the property on which it is located is void. Therefore the trial court correctly held that the parol reservation of the title to the house in controversy at the time appellant reconveyed the land on which same was located to Joe Clark and wife, Jessie Clark, appellee, was void as being a contravention of the statute of frauds. Citizens' Nat. Bank v. Elk Mfg. Co. (Tex. Com.App.) 29 S.W.(2d) 1062; Brown v. Roland, 92 Tex. 54, 45 S.W. 795; Potter v. Mobley (Tex.Civ.App.) 194 S.W. 205; Boyd v. Hurd (Tex.Civ.App.) 207 S.W. 339.

With respect to the barn placed upon the land when it belonged to Joe Clark and his wife, Jessie Clark, appellee, the trial court found that appellee had no notice of any agreement between Joe Clark, her then husband, and Hiram Clark, appellant, whereby appellant should be permitted to remove said barn from the land. Appellee at the time she and her husband entered into their separation agreement in which the land described in appellee's petition was conveyed to her by her husband, Joe Clark, by deed without any reservation of the title to said barn, testified that she knew nothing of the

claim of appellant to the barn. Appellant insists that notice to the husband is in law notice to the wife. Ordinarily this may be true, but we think it would not apply where the husband is dealing with the wife, especially under circumstances such as existed at the time the separation agreement was entered into. The appellee and her husband on this occasion were dealing with each other at arm's length. She was acting in her individual and separate capacity and of her own will. They were dividing their common property and agreeing to live apart from each other. His interests were antagonistic to hers and he could in no sense be considered her agent in this transaction. Appellee testified that she knew nothing of an agreement between appellant and her husband whereby appellant would be permitted to remove the barn from the premises. True, the appellant's testimony was to the effect that she did know of the transaction and agreement, both at the time the barn was placed upon her land and at the time of the settlement agreement. This, at most, amounts to a disputed issue of fact to be decided by the trier of the facts, in this instance the trial court. We are fully aware of the rule of law that holds the principal bound by the knowledge of the agent gained in the course of his employment, and we are also fully aware that the husband under various conditions and circumstances may be the agent of the wife when he is dealing for her, and she will be bound by his knowledge growing out of this relation of agency. But we do not think that the wife should be bound by the knowledge of the husband gained by him, even during their marriage relation, when they are dealing with each other under circumstances such as surrounded the separation agreement. Therefore, we conclude that the court was justified in finding from the testimony in the record that appellee, at the time she took title from her husband, Joe Clark, to the land described in her petition, was an innocent purchaser for value without notice of the claim of appellant to either the house or barn. Potter v. Mobley, supra.

Furthermore, we are of the opinion that the judgment of the trial court is justified under his findings of fact and conclusions of law to the effect that the appellant had lost his right of removal of said improvements for the reason that he had not exercised said right within a reasonable time after the accrual of same. Appellant claims that he had an agreement with Joe Clark made in 1922, when he conveyed the land on which the improvements are located back to Joe Clark and wife, Jessie Clark, appellee, and in 1928 when he placed the barn on their land, by the terms of which he became a tenant at will of his brother with the right of removal of said house; that this tenancy continued until 1931, the date of the separation agreement when the legal title to the land on which the improvements were located was transferred by Joe Clark to appellee. Appellant makes no claim that he had any agreement with appellee after the property was conveyed to her, or before that time, for that matter, with respect to his occupancy of said improvements, nor does he assert any agreement with appellee with respect to removal of said improvements from said land. Appellee testified she knew nothing about appellant's claim until the latter part of 1933, and no effort was made by appellant to remove said improvements until December, 1934.

It is a well-settled principle of law that failure to exercise the right of removal of fixtures from real estate within a reasonable time after the right accrues forfeits that right, and as to what constitutes a reasonable time is a question of fact, Texas & N. O. R. Co. v. Clevenger (Tex.Civ.App.) 223 S.W. 1036; 26 Cor. Jur. p. 705, or at most, as held in Armstrong v. Federal Supply Co. (Tex.Civ. App.) 17 S.W.(2d) 170, a mixed question of law and fact. There is ample testimony in the record to justify the trial court's finding of fact that the improvements were not removed within a reasonable time after the land on which they were located had been transferred to appellee, and that such failure to exercise his right of removal resulted in a loss of such right to appellant. These conclusions render a discussion of the other assignments unnecessary.

The judgment is affirmed.