## O. L. WILLIAMS v. F. E. WETHERED.

1. A tenant in common of real estate may establish upon such lands his homestead, without prejudice to his co-tenants ; and on partition, equity will allot to such improving tenant his homestead, whenever that can be done without injury to the other owners.

2. In 1863, W. and his wife occupied as their homestead two hundred acres of community land, which adjoined a six hundred acre tract belonging to W. as his separate property ; and in the summer of that year they sold both tracts to F., who then paid them in negro property, and to whom they then delivered possession of both tracts. By permission of F., however, they moved into a small cabin on the six hundred acre tract, and occupied it until the summer or fall of the next year, but both of them repeatedly explaining to other persons that it was only a temporary habitation until they could complete a home they were building on another tract, which was owned by W. in common with his brothers, and to which new home they did remove, and occupied it as a homestead until the death of W. in 1871. Title to the two tracts was not made to F. until some three months after the contract of sale, when W. and wife duly executed to him their joint conveyance of the two hundred acre tract, and W. his separate conveyance of the six hundred tract. In 1865, W. sued F. for a rescission of the contract, in consequence of the emancipation of the negroes ; and in 1867, pending the suit, W.'s wife

intervened and claimed a homestead of two hundred acres out of the six hundred acre tract, which, after the death of her husband, was adjudged her in the District Court. *Held*, that W. and wife never acquired a homestead on the six hundred acre tract; their occupancy of that tract was but a tenancy at the will of F. But they did acquire a homestead on the land owned by W. in common with his brothers.

3. The usual warranty on the sale of slaves, that they were "slaves for life," was not broken by the abolition of slavery.

APPEAL from Hill. Tried below before the Hon. F. P. Wood.

The opinion states the case.

*Herring & Anderson*, for the appellant.

No brief for the appellee.

WALKER, J. This suit was instituted in the fall of 1865. Wethered sued Fondren and Page, to recover back two tracts of land, the one containing two hundred and the other six hundred acres. The lands were contiguous. The two hundred acre tract had been occupied as a homestead, and a portion of the six hundred acre tract was, perhaps, included. This tract belonged to F. M. Wethered, in his own right. The two hundred acres were community land. Frances E. Wethered, the wife, joined her husband in the deed to this tract. The deed was made in compliance with the statute. The six hundred acres were the individual property of the husband, and, as he had a right to do, he deeded this without his wife joining in the deed.

The consideration of these deeds was paid in slaves, and the original purpose of the suit was to set aside the conveyances for failure of consideration, the slaves having been emancipated as one of the results of the late civil war.

The original design of the suit appears to have been abandoned. In October, 1866, Otis L. Williams, the appellant, intervened, claiming the land by purchase from Fondren, Page having disclaimed all interest in the suit. In March, 1867,

Mrs. Wethered intervened, and claimed a homestead of two hundred acres from the six hundred acre tract; and the only question insisted upon now is, is she so entitled to a homestead?

The evidence shows that after the sale of the lands, Wethered and his family settled temporarily on the six hundred acre tract, living in a small cabin house, in a very contracted manner, to which the family had been unaccustomed, and from which they suffered some mortification, the lady of the family repeatedly apologizing to visiting friends, explaining that they were preparing and fitting up a home elsewhere, which they hoped soon to occupy. The place of the new home was indicated to more than one witness by Mrs. Wethered, as a place near Colonel Gathing's, on thé Hannah Boon survey.

In a portion of this survey, F. M. Wethered, the husband, appears to have been a tenant in common with brothers and sisters. The new home being prepared, Wethered and family moved into it; and were residing there at the commencement of this suit.

We have held and again hold, that a homestead may be acquired by a tenant in common, in a common estate, without prejudice to the interests of co-tenants; and that, on partition, equity will respect the rights of the improving tenant, and give him the benefit of his homestead improvement, wherever it can be done without prejudice.

The evidence in this case shows that the lands improved by F. M. Wethered are of no more than an average value with the other lands.

We do not think that the family of Wethered acquired a homestead right on the six hundred acre tract. They appear to have been upon it only as the tenants at will of Fondren. We believe they have acquired a homestead right on the Hannah Boon survey.

On that branch of this case first presented to the court, a question of grave import to the people of this country was presented. In the sale of slaves it was customary to warrant the

slave "a slave for life;" but this warranty has been interpreted by the courts as applicable only to a description of the slave, distinguishing him from a hired servant, or one bound to service for a given term, and not as a warranty that the slave should remain such for life. We adopt this view, and apply the maxim *res perit domino*.

The judgment of the District Court must be reversed, and the cause dismissed.

Reversed and dismissed.