[Opinion delivered May 3, 1880.]

---

## A. G. & J. R. CUMMINS v. J. F. DENTON ET ALS.

(Case No. 3689.)

1. PLEADINGS.— A plaintiff who pleads his title specially is confined to the title set out in his pleadings, and can only recover thereon. 11 Tex., 662; 39 Tex., 508; 47 Tex., 219.

2. HOMESTEAD — VOID SALE OF.— The homestead having been set apart to the family is no longer subject to administration; and a sale of it made under the order of the probate court for the support of the widow and minor children is a nullity, and confers no title. 40 Tex., 385; 21 Tex., 664.

APPEAL from Collin.   Tried below before the Hon. R. R. Gaines.

This was an action brought in the district court of Collin county by A. G. & J. R. Cummins, against defendants, J. F. Denton *et al.*, to recover fifty-four acres of land in Collin county out of a survey of two-thirds of a league and labor, the headright of William Davis.   The land in controversy was patented to William Davis on the 6th of September, 1850, and was settled upon by William Davis and his wife, Sallie Davis, in 1858, and occupied and used by them and their children, who were all minors, until the death of Davis, which occurred about May 1, 1868, and by Sallie and her children afterwards, until it was set aside to them by the probate court of Collin county, on July 27, 1868, with other lands, in all less than two hundred acres, as a homestead; the estate of William Davis having proven to be insolvent. Afterwards, at the January term, 1869, of the county court of Collin county, upon the application of Sallie Davis, who was the administratrix of William Davis, due notice having been given according to law, the land in controversy was by the decree of the court ordered to be sold for the support and maintenance of Sallie and her minor children, who were in destitute circumstances.   The land, after having been advertised according to law, was sold on the first Tuesday in March, 1869, and purchased by appellants; the purchase money paid; the sale confirmed by the probate court of Collin county, and a deed executed for the same by Sallie Davis, the administratrix, on April 10, 1869.

William Davis had, on April 25, 1841, made his bond for title to one J. B. Denton, Sr., appellees' ancestor, conditioned to convey to him, his heirs or assigns, six hundred and forty acres of land out of his headright of two-thirds of a league and labor, so soon as the same should be located and patented, the land in controversy being a portion of the headright, and patented September 6, 1850.   The bond for title was never recorded.   Afterwards, on October 28, 1860, appellees and other heirs-at-law of J. B. Denton instituted their suit in the district court of Collin county for the specific performance of the bond.

Wm. Davis having died intestate about May 1, 1868, Sallie Davis was, by the probate court of Collin county, about June 1st thereafter, appointed administratrix of his estate. A *scire facias* was issued by the district court of Collin county on September 5th, to make her a party to the suit of the Heirs of J. B. Denton *v.* William Davis; Sallie appeared and answered on March 22, 1869.

At the November term, 1870, of Collin district court, the cause came on to be heard, and, a jury having intervened, returned into court the following verdict, viz.:

"We, the jury, find for the plaintiffs three hundred and twenty (320) acres of land."

Whereupon commissioners were appointed by the court on the same day to lay off, set aside and assign the land to the plaintiffs and make report of their action, which was done accordingly, and their report confirmed on December 2, 1870, in open court.

Appellants had actual notice of the pendency of the suit of the Heirs of J. B. Denton *v.* Wm. Davis. The land so set aside by the commissioners for the heirs of J. B. Denton embraced the land in controversy in this suit. At the time of the institution of the suit by the heirs of J. B. Denton *v.* Wm. Davis, on October 28, 1860, in the district court of Collin county, to enforce the specific performance of the bond, Davis owned of his headright about seven hundred acres of land; but on May 1, 1868, had sold off all but about four hundred acres of the land, including his homestead. Upon this state of facts this cause was submitted to the district court of Collin county, February 13, 1878, when it rendered judgment to the following effect:

That plaintiffs take nothing by their suit, and that defendants have and recover of plaintiffs all costs in this behalf expended, appellees being already in possession of the land. To which appellants excepted and gave notice of appeal to the supreme court.

*Richard Maltbie,* for appellants.

*Throckmorton & Brown,* for appellees.

Quinan, J.— The errors assigned are:

I. That the court erred in rendering judgment in favor of the plaintiff and against the defendant.

II. That the judgment of the court is contrary to the law and evidence.

We are of opinion that these assignments are not well taken.

I. The plaintiffs in their petition set out their title specially. They claim under a sale made by the administratrix of Davis by order of the probate court of Collin of the land in controversy, which formed a part of the tract which before then had been set apart to the widow and children of Davis as a homestead.

The probate court had no power to order the sale. The homestead having been set apart to the family was no longer subject to administration in the estate of Davis, and the sale made under its order was a nullity and could confer no title. Harrison v. Oberthier, 40 Tex., 389; Sossaman v. Powell, 21 Tex., 664.

II. The appellants insist that the title to the homestead vested in Mrs. Davis and the children, and that her deed as administratrix, as the sale was made by her procurement and she received the money, at least conveyed her interest in the land. This claim of title is not set out in the pleadings and is made for the first time in their brief. Having pleaded their title specially, they are confined to that title and could only recover thereon. Rivers v. Foote, 11 Tex., 662; Turner v. Ferguson, 39 Tex., 508; Custard v. Musgrove, 47 Tex., 219.

III. But the setting apart of the homestead did not disincumber it of the right of Denton's heirs, who had acquired an undivided interest in the land prior to the acquisition of any homestead thereon by Davis or his family, to have partition of their interest out of the lands owned by Davis at the institution of their suit by virtue of his title bond. It is true that the court, having regard to that favor with which the law regards the preservation of the homestead of the family, would require, had it been asked, that the Denton

claim should be satisfied out of the other portion of the land owned by Davis at the institution of Denton's suit subject to it, without encroaching upon the homestead, if the partition could so equitably be made. But then suit had been instituted and was pending when the probate court set apart the homestead; the administratrix was a party to that suit when the decree was rendered therein; the plaintiffs herein had actual notice of it when they purchased, and the proof shows they "were told before the purchase that there was not enough land left to satisfy the bond, and that the land they were about to purchase would be required to satisfy it." It was incumbent on the administratrix, in that suit of Denton's heirs against her, if she apprehended that the homestead might be encroached upon in the partition, to show that there were other lands subject to the satisfaction of their claim which could equitably be apportioned to them without an infringement of the rights of the family to their homestead. Upon the coming in of the report of the commissioners it was her duty to make objection, if she was dissatisfied with their acts. And so the plaintiffs here might in that suit have made themselves parties for the protection of any right they had acquired by their purchase at the administration sale, or any equitable interest they might assert as purchasers of Mrs. Davis' interest, and the payment of the money to her. Clements v. Lacy, 51 Tex., 159; Robinson v. McDonald, 11 Tex., 385; Williams v. Weathered, 37 Tex., 130; Harrison v. Oberthier, 40 Tex., 385.

IV. But the judgment in the case was regularly rendered, and bound Mrs. Davis and the heirs of William Davis, and all persons claiming under them. Pas. Dig., art. 5696; Briscoe v. Bronaugh, 1 Tex., 326; Wade on Notice, 150, § 346; Pas. Dig., art. 7.

We conclude that the judgment be affirmed, and so award.

AFFIRMED.