**CLEVELAND et al. v. MILNER.**

No. 11423.

Court of Civil Appeals of Texas. Galveston.

July 1, 1942.

Rehearing Denied July 23, 1942.

Donald & Donald and Joe H. Cleveland, all of Bowie, for appellants.

Reid & Strickland, of Goose Creek, for appellee.

CODY, Justice.

This suit was brought by appellee, W. J. Milner, as administrator of the estate of A. E. Milner, deceased, primarily in trespass to try title on Lots One (1) and Two (2) in Block Two (2) of the Perkins Wright Addition in the town of Goose Creek, Harris County, but was brought in the alternative for partition of said lots together with Lot Three (3) in aforesaid Block Two. The defendants in this suit are named Elija Ausben Cleveland (hereafter referred to as Ausben Cleveland) and his wife, Gladys Ruth Cleveland, and Kathleen Cleveland Martin and her husband, George H. Martin. As will hereafter appear, Gladys Ruth Cleveland did not join her husband, Ausben Cleveland, in the execution of certain partition deeds, and it is the contention of the appellants that at the time said partition deeds were executed Gladys Ruth Cleveland owned a homestead interest in the properties partitioned and that therefore said partition deeds were absolutely null and void.

At the conclusion of the trial, the Court peremptorily instructed a verdict in appellee's favor on the trespass to try title branch of the case. The following facts have been proved without dispute:

That on May 24, 1924, A. E. Milner married Gabby Milner, nee Cleveland, the mother of Ausben Cleveland and his sister, Kathleen Cleveland, who at the time of their said mother's marriage were minors, aged 13 years and 11 years respectively. At the time of said marriage A. E. Milner was himself the father of three minor children by a former marriage. Thereafter, on June 6, 1924, Lot Nos. One (1) and Two (2) aforesaid were by general warranty deed conveyed to Ausben Cleveland and his sister, Kathleen Cleveland (then minors as heretofore said), for the consideration of $550. Shortly thereafter A. E. Milner had a house which he owned moved onto Lot One (1) aforesaid, and his entire family, consisting of his said wife, her two children and his own three minor children moved into said house on Lot One and made their home therein. Thereafter, on April 3, 1928, there was conveyed to A. E. Milner by general warranty deed Lot No. Three (3) in Block Two (2) aforesaid, which ad-

joined aforesaid Lot No. Two for the consideration of $300, and he and his entire family, constituted as aforesaid, continued to reside upon aforesaid Lots Nos. One, Two and Three, using same as their homestead; the dwelling house, as above indicated, was on Lot No. One, but the other two lots were used in connection therewith, and upon one of them was a chicken house, and upon the other a garage. Thereafter, on February 23, 1933, Gabby Cleveland Milner, the wife of A. E. Milner, and the mother of the defendants Ausben Cleveland and Kathleen Cleveland, died. The remainder of the family, consisting of A. E. Milner and his aforesaid minor children, together with Ausben Cleveland and Kathleen Cleveland continued to reside upon the aforesaid premises until March 7, 1933, when Kathleen Cleveland married George H. Martin and moved away. Thereafter A. E. Milner and his minor children and his stepson, Ausben Cleveland, continued to occupy said premises as their homestead. On December 11, 1934, Ausben Cleveland married Gladys Ruth Cleveland and brought her home to live in the house which had been moved upon Lot No. One in 1924. Thereafter, A. E. Milner and his minor children and Ausben Cleveland and his wife, Gladys Ruth Cleveland, continued to live there together. Then on April 12, 1935, the following deeds were exchanged:

(1) By general warranty deed dated April 12, 1935, upon a recited consideration of ten dollars ($10) paid to him by Kathleen Cleveland Martin out of her separate funds, Ausben Cleveland conveyed to Kathleen Cleveland Martin for her separate use "all my right, title and interest, the same being an undivided one-half (½) interest in and to" aforesaid Lot No. Two.

(2) By general warranty deed dated April 12, 1935, upon the recited consideration of ten dollars ($10), A. E. Milner and Kathleen Cleveland Martin joined by her husband, George H. Martin, conveyed to Ausben Cleveland Lot No. Three (3), Block No. Two aforesaid.

(3) By general warranty deed dated April 12, 1935, upon the recited consideration of fifty dollars ($50) "and in further consideration of the passing of mutual deeds of even date to property adjoining the lot herein conveyed, have granted, sold and conveyed and by these presents do sell and convey unto the said A. E. Milner" the aforesaid Lot No. One. Thereafter, in October, 1938, upon the consideration of $250, Kathleen Cleveland Martin, joined by her husband, George H. Martin, conveyed to A. E. Milner Lot No. Two. In July, 1935, A. E. Milner caused the house which he had moved on the Lot No. One in 1924 to be torn down and he erected a modern six room house thereon, which was completed in 1936 and for which he himself fully paid.

Upon the peremptorily instructed verdict, judgment was rendered wherein it is recited that defendant Kathleen Cleveland Martin and her husband, George H. Martin, had disclaimed all right, title and interest in and to the property sued for in favor of defendants Ausben Cleveland and Gladys Cleveland, and there had been introduced in evidence a quitclaim deed thereto dated February 16, 1942, from Kathleen Cleveland Martin and husband to Ausben Cleveland. The Court then proceeded to adjudge that plaintiff, W. J. Milner, administrator, recover of defendant, Elija Ausben Cleveland and Gladys Ruth Cleveland, the title to and possession of aforesaid Lots Nos. One and Two, to which all of said defendants duly excepted and gave notice of appeal.

As stated at the outset, it is the contention of appellants that, when Ausben Cleveland married and brought his wife home to reside in the house then standing on Lot No. One, she thereupon, in virtue of such act, became vested with a homestead interest in and to Lots Nos. One and Two which was paramount to all other rights therein, and which incapacitated Ausben Cleveland from executing any partition deed without his said wife's joinder. The appellants further contend that if the said action of Ausben Cleveland in bringing his wife to reside in the house with A. E. Milner did not ipso facto invest her with homestead rights to Lot No. One, that it was at least a jury question of whether or not she did not, by user, acquire such paramount homestead rights.

Appellants strongly urge that Gladys Ruth Cleveland, under the foregoing undisputed facts, acquired a homestead interest in and to Lots Nos. One and Two when she, as the wife of Ausben Cleveland, moved into the house occupied by A. E. Milner and family. Appellee just as strongly contends that since property can be subjected to but one homestead exemption at a time, that under said facts A. E. Milner's homestead exemption persisted until his right of occupancy was revoked, and consequently no such right attached in favor of

Gladys Ruth Cleveland and her husband. We do not consider it necessary to spend the time, nor consume the space necessary to pass upon such proffered contentions. Even though it be conceded (solely for the sake of the argument) that Ausben Cleveland and his wife, Gladys Ruth Cleveland, occupied the aforesaid premises as tenants in common, such occupancy could not vest them with a homestead right therein superior to the right of their cotenants to partition. Sayers v. Pyland, Tex.Sup., 161 S.W.2d 769, 140 A.L.R. 1164. In the case just cited it was held: "It must therefore be held that when one attempts to fix homestead rights in property of which he is not the exclusive owner, he does so with notice that whatever homestead rights he may acquire therein are subordinate to all the rights and equitable remedies that his cotenant would have in the absence of the homestead claim, including the right to fix a lien for owelty if the same should be necessary to an equitable partition of the property. One cotenant cannot defeat this right in the other by moving onto the property and asserting a homestead right therein". Id., 161 S.W.2d at page 773. Therefore, if Ausben Cleveland and his wife acquired any homestead rights in Lots Nos. One and Two, they were subordinate to the rights of Ausben Cleveland's cotenant to partition the same. On April 23, 1942, which was the same date that the Supreme Court handed down the decision in Sayers v. Pyland, this Court, in the case of Frank Payonk et ux. v. Mrs. Trazy P. Rowland et al.,[1] decided that it was not necessary for a wife to join a cotenant in execution of partition deeds even though she resided with him on the property held in common with other cotenants, and that a lien given to secure the payment of owelty in the sum of $325 was not void, as any homestead claim she might have was necessarily subordinate to the right of her husband's cotenants to partition. Upon the same principle, should it be conceded that Gladys Ruth Cleveland otherwise acquired a homestead right in and to Lot No. One, such was inferior to the right of Kathleen Cleveland Martin to partition Lots Nos. One and Two. A. E. Milner's right to the house upon Lot No. One was recognized by his two stepchildren at the time and in partitioning the property, he was given Lot No. One, which was chiefly valuable, apparently, because of the house which was upon it at that time.

Kathleen Cleveland Martin was given Lot No. Two, which she subsequently sold to A. E. Milner for $300, and Ausben Cleveland was given Lot No. Three. If in making an equitable partition of the property it was fair to give Ausben Cleveland Lot No. Three for his undivided interest in Lots Nos. One and Two, the parties were legally at liberty to do so. After the partition of the property, A. E. Milner erected a relatively expensive home upon Lot No. One which had been conveyed to him by a valid deed, which Ausben Cleveland and his sister, Kathleen Cleveland Martin could, by way of partition, lawfully and validly execute.

We hold that the Court did not err in instructing a verdict. The judgment of the trial court is affirmed.

Judgment affirmed.

---

[1] No opinion for publication.