ELIJA AUSBEN CLEVELAND ET AL V. W. J. MILNER, . ADMINISTRATOR.

No. 8049. Decided April 7, 1943.
Rehearing overruled May 5, 1943.
(170 S. W., 2d Series, 472.)

*Donald & Donald,* and *Joe H. Cleveland,* all of Bowie, for petitioners.

Upon marriage the wife immediately acquires the right to use the husband's separate property as a homestead, and her homestead rights attach, without any effort being necessary to acquire a new homestead. Bell v. Crabb, 244 S. W. 371; Burkhardt v. Lieberman, 138 Texas 409, 159 S. W. (2d) 847; Lincoln v. Bennett, 138 Texas 56, 156 S. W. (2d) 504; Rogers v. Renshaw, 37 Texas 625.

*Reid & Strickland* and *Joe E. Reid,* of Goose Creek, for respondents.

Since the property in question was the homestead of A. E. Milner and his family at the time Gladys Ruth Cleveland and Ausben Cleveland married and moved into the house with the A. E. Milner family, Gladys Ruth Cleveland could acquire no homestead rights therein, as it continued to be the homestead

of A. E. Milner and his family. As to the right to partition property by tenants in common, the homestead is included and there is no necessity for the wife to join in the partition. Clements v. Lacy, 51 Texas 150; Stuart v. Baker, 17 Texas 418; Reid v. Howard, 71 Texas 204, 9 S. W. 109; White v. Shepperd, 16 Texas 163; Wheelock v. Cavitt, 45 S. W. 796.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Respondent W. J. Milner, as administrator of the estate of A. E. Milner, deceased, sued petitioners Ausben Cleveland and his wife, Gladys Cleveland, for the title and possession of Lots One and Two in Block 2 of the Wright addition to the town of Goose Creek. In another count he alleged in the alternative that he and petitioners were joint owners of the two lots and prayed for partition. The trial court, after peremptorily instructing the jury, rendered judgment in favor of respondent against petitioners for the title and possession of the lots. Kathleen Martin and her husband, George Martin, were made parties defendant on account of their having warranted the title to Lot Two, judgment being sought against them only in the event respondent should not prevail in his suit for title.

Respondent claims title, for the estate of A. E. Milner, deceased, through and under two deeds executed by Ausben Cleveland, in which his wife, Gladys Cleveland, did not join. Two controlling questions are presented. The first is whether Ausben Cleveland and Gladys Cleveland had a homestead right in the lots; and the second question is whether the conveyance of the lots without the wife's consent may be sustained as a partition of property jointly owned. The Court of Civil Appeals, without deciding the first question, but assuming that Ausben and Gladys Cleveland had a homestead right in the lots, held that A. E. Milner acquired title through valid deeds executed by way of partition. 166 S. W. (2d) 351.

The material facts, which are undisputed, are as follows: A. E. Milner, on May 24, 1924, married Gabby Cleveland, who had two children by her first marriage, Ausben Cleveland and Kathleen Cleveland. These children, in 1924, were thirteen and eleven year old. A. E. Milner by a former marriage was the father of three children who were minors when he married Mrs. Cleveland. On June 6, 1924, the owner of Lots One and two, for a consideration of $550.00 paid from the proceeds of insurance left to the two Cleveland children by their father, conveyed the lots to

them. A short time thereafter Milner moved onto Lot One a two-room boxed house that he owned. Two rooms and a bath were soon added and in that house Milner and his wife, with his children and her children, made their home. In the year 1928 Milner acquired by purchase and deed Lot Three, which adjoined Lot Two, and thereafter the three lots, each of which was 50 by 100 feet in dimension, were used by the family as a home. The house was on Lot One, with small improvements, a wash shed and a chicken house, on Lots Two and Three.

Mrs. Milner died February 23, 1933, and on March 7 of the same year Kathleen Cleveland married George Martin and moved away. Ausben Cleveland married Gladys Cleveland December 11, 1934, and brought her to live in the house on Lot One, and thereafter Milner and his minor children and his stepson, Ausben Cleveland and Ausben's wife, Gladys, continued to live there and to use the house and the three lots as their home. Gladys Cleveland assumed the management of the home, cooked the meals, washed the clothes, including those of Milner and his children, and "worked as any housewife would work in the home." Mrs. Cleveland testified that while she was living there no person had ever given her instructions as to the use, management or control of the house and premises and that she had at all times given instructions to others as to the manner of their use.

On April 12, 1935, three deeds were executed, one by Ausben Cleveland to Kathleen Martin conveying all of his interest, being an undivided one-half interest, in Lot Two, for "$10.00 and other considerations"; one by A. E. Milner and Kathleen Martin and her husband to Ausben Cleveland conveying Lot Three for "$10.00 and other considerations"; and the third by Ausben Cleveland and Kathleen Martin and her husband to A. E. Milner conveying Lot One for $50.00 in cash and "in further consideration of the passing of mutual deeds of even date to property adjoining the land herein conveyed." On October 14, 1938, Kathleen Martin and her husband, for a consideration of $250.00 in cash, conveyed Lot Two to A. E. Milner.

After the execution of the deed of April 12, 1935, and until A. E. Milner died on February 14, 1941, he, his children and Ausben Cleveland and his wife continued to live in the house on Lot One and to use the lots as before, except for a short period in the fall of 1935, during which the old house on Lot One was torn down and a new house of substantial value was built on

that lot. The record indicates that A. E. Milner paid for the construction of the new house.

■ Petitioners contend that Lots One and Two became their homestead by reason of Ausben Cleveland's ownership of an undivided one-half interest in the lots and their occupancy and use of the property as their home and that, since Gladys Cleveland did not join in the two deeds executed by her husband on April 12, 1935, she and her husband are entitled in this suit to recover the entire property. Respondent insists that the lots were the homestead of A. E. Milner, who had an interest in the property, at least as a tenant at will of Ausben Cleveland and Kathleen Martin, and whose occupancy and use of the same as the home of his family had never been interrupted. In this connection he cited Johnson v. Prosper State Bank, 125 S. W. (2d) 707, which was approved by this court, 134 Texas 677, 138 S. W. (2d) 1117, and which holds that "the constitutional privileges of a homestead are not accorded to two claimants, coextensive with each other, on the same tract of land."

If the homestead right in Lots One and Two must have belonged, when the three deeds were executed in April, 1935, to one or the other, that is, to Ausben Cleveland and his wife or to A. E. Milner, it is our opinion that Ausben Cleveland and his wife had the better right.

■ The evidence that Milner owned the small boxed house, that was moved onto Lot One and in which the family thereafter lived, did not prove that Milner became the owner of an interest in the realty. Title to the lot was in Ausben Cleveland and Kathleen Cleveland, who were then thirteen and eleven years of age. The house was erected on the lot for the use and occupancy of these children and their mother, whom Milner had married, as well as for that of Milner and his children, and was so used and occupied for many years. There is no evidence of an understanding that the house should not become permanently annexed to the realty and no evidence tending to prove that Milner at the time when it was erected on the lot intended that it should remain personalty and that he should have the right to remove it. It follows, in our opinion, that the house became a part of the realty and that the two children as owners of the lot became the owners also of the house. Sheer v. Cummings, 80 Texas 294, 16 S. W. 37; Missouri Pacific Ry. Co. v. Cullers, 81 Texas 382, 17 S. W. 19, 13 L. R. A. 542; O'Neal v. Quilter, 111 Texas 345, 234 S. W. 528; Bonner v. Wiggins, 52 Texas 125.

Milner had no interest in the two lots, unless it was that of a tenant at will, to which a homestead right could attach. That he was a tenant at will is to be doubted, because tenancy implies a right of possession in the tenant exclusive even of the landlord. Brown v. Johnson, 118 Texas 143, 147, 12 S. W. (2d) 543; Tips v. United States (U. S. C. C. A.) 70 Fed. (2d) 525; 32 Am. Jur. p. 185, sec. 195. Milner and his children and Ausben Cleveland and his wife lived in the small house as one family. The use of the premises was directed and controlled by Cleveland and his wife rather than by Milner.

There is conflict in the decisions as to the question whether a tenancy at will is a sufficient interest to support a homestead right. In several cases the opinion has been expressed that a homestead right cannot be acquired by a mere tenant at will. Williams v. Weathered, 37 Texas 130; Warhmund v. Merritt & Metcalf, 60 Texas 24, Ellis v. Bingham, 150 S. W. 602; Hampton v. Gilliland, 23 Texas Civ. App. 87, 56 S. W. 572. In the case last cited it is said that "the homestead right cannot be based on so precarious a tenure, and must await a right to which it can attach in some substantial and permanent way."

The most carefully considered opinion on the question is that in Birdwell v. Burleson, 31 Texas Civ. App. 31, 72 S. W. 446, application for writ of error refused. In that case, after reviewing many cases, the court held that, in view of the liberal policy which should prevail in the construction of our exemption laws, property rightfully and peaceably held in possession, and occupied as the home of the family, should be exempt from forced sale, even though the possession be merely permissive. As a sound reason for its conclusion, the court emphasized the "fact that it is not simply a sale of the homestead estate which is inhibited by the Constitution, but that it prohibits any interferences by judicial process with the possession of the premisess."

Possibly the homestead laws, liberally construed, would have prohibited interference by Judicial process with Milner's possession of the premises in a contest between him and his creditor. But it is our opinion that, under the peculiar facts of this case, the homestead right, as between A. E. Milner and Ausben Cleveland belonged to the latter because of his more substantial interest and his more nearly complete possession and control Milner had merely permissive and partial possession, the privilege of occupying the premises with Clevleand and his wife and without right of control. Undoubtedly Cleveland and his wife could have invoked successfully the homestead exemption, had this been a suit by their creditor to subject the property to pay-

ment of debt. If that be true, the wife is entitled also to the protection given her by Section 50 of Article 16 of the Constitution against sale of the homestead without her consent.

■ The Court of Civil Appeals, citing Sayers v. Pyland, 139 Texas 57, 161 S. W. (2d) 769, 140 A. L. R. 1164, held that notwithstanding the fact that Mrs. Cleveland did not join in the deeds executed by her husband in April, 1935, the three deeds were lawfully and validly executed by way of partition between cotenants. The fault in the decision is the fact that Ausben Cleveland and A. E. Milner were not then cotenants in Lots One and Two. Ausben Cleveland and his sister Kathleen Martin jointly owned Lots One and Two. "The interest of each (Cotenant) is coextensive of the property, and extends to every part thereof." Sayers v. Pyland, 139 Texas 57, 61, 161 S. W. (2d) 769, 771, 140 A. L. R. 1164. Milner had no interest in Lots One and Two. The record indicates that after the death of Mrs. Milner Lot Three was owned in undivided interests, one half by Milner, one fourth by Ausben Cleveland, and one fourth by Kathleen Martin. By the deeds Lot One was conveyed to Milner, Lot Two to Kathleen Martin and Lot Three to Ausben Cleveland. Partition does not confer title; it effects the localization of undivided interests. Thompson & Sons Lumber Co. v. Clifton, 132 Texas 366, 371, 124 S. W. (2d) 106; Chace v. Gregg, 88 Texas 552, 558, 32 S. W. 520. The deeds exchanged conferred title to Lot One upon A. E. Milner; they did not effect localization of an undivided interest owned by him. The deeds did not, as to Ausben Cleveland, make partition of Lots One and Two, in which he owned an undivided one-half interest. The purpose of the deeds was to deprive him of all of his interest in Lots One and Two, and for his interest in them to give him title to Lot Three. A sale or exchange of Ausben Cleveland's interest in the two lots in controversy was made, or attempted to be made, rather than a partition.

Since Cleveland's wife did not give consent, in the manner provided by Article 4618 of the Revised Civil Statutes of 1925, to the sale or exchange of the property in which she had a homestead right, she and her husband are entitled to recover the interest in Lots One and Two that the husband's deeds undertook to convey. Stallings v. Hullum, 89 Texas 431, 35 S. W. 2.

■ The case was tried and decided in district court as a suit for title and possession and the facts in support of respondent's alternative count for partition were not fully developed. In our opinion, the justice of the case demands that it be remanded

for trial as a suit for partition. Rule 505, Texas Rules of Civil Procedure.

According to the evidence in the record, disregarding the conveyances by Ausben Cleveland without consent of his wife, Lots One and Two are jointly owned by Ausben Cleveland and the estate of A. E. Milner. They were jointly owned in equal undivided interests by Ausben Cleveland and his sister Kathleen Martin. By two general warranty deeds, both valid in so far as Kathleen Martin is concerned, Milner acquired Kathleen Martin's interest in the two lots. The first of these deeds, executed by her and her husband on April 12, 1935, conveyed Lot One to Milner; and the second, executed by them on October 14, 1938, conveyed Lot Two to him.

■ A. E. Milner, having acquired Kathleen Martin's one-half interest in Lot One, was the cotenant of Ausben Cleveland when the new house was built on that lot. As cotenant, his right to possess and improve the porperty was equal to that of Ausben Cleveland; and the homestead right that Ausben Cleveland as cotenant acquired in the property was subordinate to the other co-owner's right to an equitable partition. In making partition, improvements made by one of the co-owners are taken into account; if it can be fairly done, the property will be so divided as to give the improvements to the party who made them; to compensate and secure one of the parties, a lien may be fixed on the portion of the property set apart to the other; or, if necessary, the property may be sold and the proceeds divided. The court undertakes to make just and equal division with adjustment of the equities. Williams v. Weathered, 37 Texas 130; Clements v. Lacy, 51 Texas 150; Reed v. Howard, 71 Texas 204, 9 S. W. 109; Hanrick v. Gurley, 93 Texas 458, 475, 54 S. W. 347, 56 S. W. 330; Whitmire v. Powell, 103 Texas 232, 236, 125 S. W. 889; Dakan v. Dakan, 125 Texas 305, 319-321, 83 S. W. (2d) 620; Sayers v. Pyland, 139 Texas 57, 61-65, 161 S. W. (2d) 769, 140 A. L. R. 1164.

The judgments of the District Court and the Court of Civil Appeals are reversed and the cause is remanded to the district court.

Opinion adopted by the Supreme Court April 7, 1943.

Rehearing overruled May 5, 1943.