EVANGELICAL ST. JOHN'S CHURCH OF FALLS COUNTY v. OTTO INDE-PENDENT SCHOOL DIST.

No. 2717.

Court of Civil Appeals of Texas. Tenth Dist. at Waco.

June 5, 1947.

Carroll Pearce, of Marlin, for appellant.

Dodson & Reagan, of Marlin, for appellee.

HALE, Justice.

Appellee, Otto Independent School District, as successor in right to Mettina Common School District, sued appellant, Evangelical St. John's Church, for damages. As grounds of recovery it alleged that appellant had unlawfully converted to its own use the sum of $325 derived from the sale of a building situated on premises belonging to the church. The case was tried before the court below without a jury and resulted in judgment for appellee.

Appellant says the judgment appealed from should be reversed and here rendered in its favor because: (1) The building in controversy belonged to it at all times in that the evidence showed conclusively (a) that such building was erected with funds belonging to it and contributed for its benefit, and (b) if any of such funds were contributed for the benefit of appellee's predecessor in right, the building was nevertheless erected on premises belonging to appellant without any intention or agreement that the same, when erected, would be regarded as personalty or that it might thereafter be severed from the realty or removed from the premises; and (2) if appellee and its predecessor in right ever had any title to or interest in the building, the same was voluntarily abandoned long prior to the institution of this suit.

The undisputed evidence showed that appellant acquired the title in fee simple to 3.7 acres of land in the year 1892 which it has owned and used continuously since that time. A small building situated on its premises was used primarily by its members and patrons as a place of divine worship, and secondarily by their children for purposes of religious and secular education, the first secular school having been taught in the building by the pastor of the church. In 1900 the community served by the church was organized into the Mettina Common School District which was created for public free school purposes. Through mutual consent of the parties at interest, the building was thereafter jointly used by the church and the school district, without cost to the latter, for their respective purposes until the year 1917. At that time, because the building was then too old and small to further serve in a satisfactory manner the purposes for which it had been used in the past, appellant sold the building for a cash consideration of $100 and this amount of money, together with varying smaller amounts paid out of the maintenance fund of the school district and derived from voluntary contributions

by patrons of the church and school, was used to finance the construction of a new building upon the premises belonging to appellant. After the new building had been erected it was used continuously by the school district, as the old building had been used in the past, until the year 1935, when the common school district was legally consolidated with and became merged into the Otto Independent School District. At a public meeting held in the building a short time prior to the consolidation, the county school superintendent stated in the presence of school trustees of each district and others that the building was the property of appellant and would not become the property of appellee in the event of a consolidation. After the consolidation the building was not further used for school purposes and no effort was made by appellee to use the building for any purpose or to remove the same from appellant's premises. The building was insured against loss from fire for the exclusive benefit of appellant. During the year 1945 appellant sold the building for a cash consideration of $325.00 and thereupon appellee made demand upon appellant for the proceeds derived from such sale.

. The court below expressly found the substance of the foregoing facts, but concluded in effect that the trustees of the common school district succeeded to the control and management of the building as a matter of law under the provisions of Arts. 2752, 2754 and 2756 of Vernon's Tex.Civ. Stats. and by reason thereof the title to said building passed to and vested in said trustees. We cannot agree with such legal conclusions or with the action of the trial court in rendering judgment for appellee.

■ Art. 2752 of Vernon's Tex.Civ. Stats. relates to contracts by school trustees for the erection of buildings. Art. 2754 provides that all school houses erected, grounds purchased or leased for a school district, and all other property belonging thereto, shall be under the control of the district trustees. Art. 2756 provides in substance that all conveyances, devises and bequests of property for the benefit of public schools, when not otherwise directed by the grantor or devisor, shall vest said property in the proper school trustees and

the same, when not otherwise directed, shall be administered by said officers under such rules as the State Superintendent may establish. However, we do not think these statutes are of any controlling effect in their application to the facts of this case. There was no pleading or evidence that the trustees of the Mettina District contracted with anyone for the erection of the building in controversy, or that they superintended the construction thereof, or that such building was erected upon grounds purchased or leased for school purposes. Moreover, there was no pleading or evidence of any intention or agreement to the effect that the building, when erected, would be regarded as personalty or that it might thereafter be severed from the realty or removed from appellant's premises.

■ The general rule of law is well established in this state that a building erected upon land becomes a part of the freehold in the absence of any intention or agreement on the part of the interested parties that such building should not become permanently annexed to the soil. Hutchins v. Masterson & Street, 46 Tex. 551, 26 Am.Rep. 286; Sheer v. Cummings, 80 Tex. 294, 16 S.W. 37; Missouri Pac. Ry. Co. v. Cullers, 81 Tex. 382, 17 S.W. 19, 13 L.R.A. 542; Brown v. Roland, 92 Tex. 54, 45 S.W. 795; O'Neil v. Quilter, 111 Tex. 345, 234 S.W. 528; Cleveland v. Milner, 141 Tex. 120, 170 S.W.2d 472. It is thus immaterial, we think, whether any or all of the funds used in 1917 for financing the construction of the new building were contributed either in whole or in part for the exclusive benefit of the school or the church, or for the mutual benefit of both, because, in the absence of any intention or agreement to the contrary, the building, when erected, became a part of the land upon which it was situated and the legal title thereto vested in appellant. As a matter of fact it does not appear that any of the interested parties gave any consideration whatsoever at that time to the contingency which has actually arisen in this case. The most favorable inference to appellee that could be drawn from the evidence as a whole would be an implied agreement that the building, although it was to be erected upon premises belonging

to appellant, would nevertheless be subject to use as a school house so long as the proper school officials desired to use it for that purpose.

 We recognize that the County Superintendent was without legal authority to determine the ownership of the building at the time when the Mettina district was consolidated with appellee in 1935. But undoubtedly the school authorities were legally authorized at that time to abandon the further use of the building for school purposes, and in our opinion the undisputed evidence shows conclusively that they did so and thereby forfeited any preexisting right they might have theretofore had in the building. Art. 2806, Vernon's Tex.Civ.Stats.; State v. Travis County, 85 Tex. 435, 21 S.W. 1029; Wright v. Macdonnell, 88 Tex. 140, 30 S.W. 907; Terry v. Crosswy, Tex.Civ.App., 264 S.W. 718; McLennan County v. Taylor, Tex. Civ.App., error dismissed. 96 S.W.2d 997; Miller v. Dallas County, Tex.Civ.App., 158 S.W.2d 828, pts. 6 and 7; Id., 140 Tex. 242, 166 S.W.2d 922.

Appellee insists that the holding in the case of Allen v. Franks, Tex.Civ.App., 166 S.W. 384, error refused, authorizes and requires an affirmance of the judgment in this case. We do not think so. In that case the school house was erected under the direction of school trustees upon land which had been properly conveyed to the trustees, and the decision and effort to remove the building from the land was made at the time when the consolidation was effected. Furthermore, the controversy in that case was between the school authorities contending for the public interest on the one hand and a private citizen contending for his personal interest on the other hand. Hence, we think the material facts in that case were substantially different from what we regard as the controlling facts in the case now before us.

 It appears that the available evidence in this cause has been fully developed. From what has been said, it follows that in our opinion the judgment of the court below should be reversed and judgment should be here rendered that appellee take nothing herein and it is accordingly so ordered.