### DENNIS et ux. v. DENNIS.
### No. 6232.

Court of Civil Appeals of Texas. Amarillo.
June 30, 1952.

Allred & Boedeker, Lubbock, for appellants.

McWhorter, Howard & Cobb, Lubbock, for appellee.

MARTIN, Justice.

Appellee, Nora Dennis, recovered judgment against her son, Oscar L. Dennis, and his wife, Earsey Dennis, appellants, for title and possession of two lots and a four-room house in the Whitehead Addition in Lubbock, Texas, for funds received by appellants from the sale of other lots in the same addition and for title to a small house owned by appellee and located on appellants' lots in Idalou, Texas. This appeal is concerned only with title to the four-room house located on one of the lots in the Whitehead Addition.

All funds used in the various transactions were derived from the sale of a farm owned by appellee, Nora Dennis, and her deceased husband, G. L. Dennis. G. L. Dennis by will vested his title in this farm in Nora Dennis. Following the death of

G. L. Dennis, appellee conveyed the land to the appellants and the same was later sold and conveyance made by joint deed of appellants and appellee. There was a jury finding that appellee held equitable title to the farm but this is an immaterial issue as appellants testified that on sale of the farm all of the funds were deposited in appellee's name in the bank and that appellant, Oscar Dennis, was given $4,000 of this fund and his mother, appellee, was given $8,000 of the fund. Appellants further recognized appellee's ownership of this $8,000 by permitting all checks on the fund to be drawn for execution by the appellee as maker. Further, appellants made no claim to this $8,000 account nor did they assert any right to draw checks on the same.

It is undisputed that all the consideration for the lots in the Whitehead Addition was paid out of appellee's fund of $8,000 on checks drawn by her. The deed to the lots in the Whitehead Addition was made to appellants as grantees, but there is no evidence in the record disclosing how this deed came to be executed to the appellants other than appellants' testimony that the lots were a gift to them from appellee. Appellee testified that she did not make a gift of these lots to the appellants and that the deed should have been made to her as grantee as she had paid the consideration for the lots. The jury findings support appellee's version of this issue.

Appellants' point one is that the court erred in finding fraud in its judgment on the part of the defendants securing the money from plaintiff to build the four-room house as now located on the lot in the Whitehead Addition when the jury found that the house was a gift from plaintiff to defendants. Appellants' second point is that the court erred in awarding the four-room house located in the Whitehead Addition to the appellee contrary to the pleadings, evidence and findings of the jury.

■ The appellee's pleadings are in trespass to try title and appellee also plead that appellants fraudulently procured title to the house and lots in the Whitehead Addition. The evidence in the cause, and the jury findings thereunder, establish that the $4,000 was a gift to appellants and title to the four-room house purchased with such fund was in the appellants when the house was built on appellants' lot in Idalou. But, in this cause the controlling issue is that appellee was in equity the owner of the lot in the Whitehead Addition in Lubbock to which the four-room house was annexed. Appellee correctly states the rule as to a resulting trust that where a person obtains the legal title to property in any unconscientious manner or " * * * where one buys land with the money of another and takes the deed in his own name, a trust results in favor of the person whose money was employed in making the purchase. The latter is the equitable owner of the land; and the purchaser is a mere trustee and holds for the benefit of him who paid the purchase money." Macias v. Macias, Tex.Civ.App., 148 S.W.2d 240, 241, syl. 2; Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471, syl. 2; Simmons v. Wilson, Tex.Civ.App., 216 S.W.2d 847; 37 Texas Digest, Trusts, ■ Equitable title will support an action in trespass to try title. Binford v. Snyder, supra, syl. 4; Hall v. Miller, Tex.Civ.App., 147 S.W.2d 266, syl. 5.

■ Where the relation of mother and son exists, as in this case, the cause must be examined under the rule in Ellsworth v. Ellsworth, Tex.Civ.App., 151 S.W.2d 628, 632, syl. 1, 2: "If one causes a deed to be made to another for whom he is under no obligation to provide (the consideration moving from himself), the grantee is presumed to hold the land in trust for him who paid the purchase money; but, if the grantee be the child of the latter, the property is considered an advancement, and the conveyance vests an absolute title in such grantee." But, this presumption of an advancement may be explained and rebutted "and let in the resulting trust." Shepherd v. White, 10 Tex. 72. Under the rule found in the Ellsworth case, it is first observed that there is no evidence in this cause on appeal that appellee either directed or caused the deed to the lots in the Whitehead Addition to be made to the appellants. It is also uncontroverted that appellee fur-

nished all the consideration for the purchase of such lots. Coupled with these elements is the fact that it was conceded in argument on submission of the cause that appellee owned title to the lots in the Whitehead Addition. Further, appellants' sole claim as to title to the lots is that appellee had made a gift of the lots to the appellants and on this issue the jury found, "It was not her intention to give said property." Macias v. Macias, supra; Oberthier v. Stroud, 33 Tex. 522; Shepherd v. White, supra.

As the controlling issue in the cause was appellee's ownership of the lots in the Whitehead Addition, the court's finding of fraud on the part of appellants in procuring the $4,000 from appellee to build the four-room house in Idalou was an immaterial finding. Appellants' point one is accordingly overruled.

All the evidence in the record establishes, without controversy, that the four-room house built with the $4,000 given to appellants by appellee was moved by appellants from their lots in Idalou and annexed and affixed to the appellee's lot in the Whitehead Addition in Lubbock, which lot the parties concede is the real property of the appellee. There is no pleading and no evidence of an understanding that this house should not become permanently annexed to the lot in the Whitehead Addition and no evidence tending to prove that appellants at the time they moved the house on the lot intended that it should remain personalty and that they should have the right to remove it. "It follows, in our opinion, that the house became a part of the realty * * *" and that appellee, mother of the appellant, Oscar Dennis "* * * as owner of the lot became the owner also of the house." Cleveland v. Milner, 141 Tex. 120, 170 S.W.2d 472, 474; Evangelical St. John's Church of Falls County v. Otto Independent School Dist., Tex.Civ. App., 203 S.W.2d 299; Paschal v. Hart, Tex.Civ.App., 105 S.W.2d 337, syl. 2. Appellants' point two is overruled.

The judgment of the trial court is affirmed