Frank GRIGGS, Appellant,

v.

MAGNOLIA PETROLEUM COMPANY, Appellee.

No. 6777.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 22, 1958.

nothing. From this judgment the appellant perfected an appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas. The Supreme Court, in equalizing the dockets, transferred this case to this Court.

Appellant presented his appeal upon the statement that the court erred in rendering summary judgment in behalf of appellee. Appellant pleaded that he had handed W. B. Johnson a bid for the purchase of refining equipment and machinery of the appellee's plant known as the Magnolia Refinery in Fort Worth, Texas, and on the next day Johnson, acting within the scope of his employment, advised appellant that he was a successful bidder and requested appellant to bring a cashier's check for the full amount of his bid. Appellant further pleaded that he presented W. B. Johnson the cashier's check and was advised to hold the check for a few days as it would take a day or two to draw up the contract and that Johnson would contact appellant by telephone as to when he was to return.

■ The appellee presented to the trial court its motion for summary judgment contending the contract upon which appellant's action was based was repugnant to and unenforceable under the Statute of Frauds, Art. 3995, R.S.1925, Vernon's Ann. ·Civ.St. art. 3995; that W. B. Johnson was not authorized to enter into such alleged contract, and that the dealings between appellant and appellee were in the nature of negotiations only and no contract, either written or oral, was consummated. The motion with proper affidavits and depositions was considered by the trial court. The appellant did not controvert the motion with any affidavits or proof. We think it is well established in this state that a building or other construction erected and attached upon land so as to make it a permanent fixture becomes a part of the freehold in the absence of any intention or agreement on the part of the interested parties that such building should not become permanently annexed to the soil. Evangelical St. John's Church of Falls

John J. Watts and W. R. Barnes, Odessa, for appellant.

Chas. B. Wallace, Frank C. Bolton, Jr., James T. Fitzpatrick, and Jack Vickrey, Dallas, for appellee.

NORTHCUTT, Justice.

Appellant, Frank Griggs, brought this suit against appellee, Magnolia Petroleum Company, for specific performance of a contract and, in the alternative, for damages for breach of contract. This case was filed in the 116th Judicial District Court of Dallas County, Texas. Appellee filed its motion for summary judgment and the trial court sustained the motion and granted summary judgment that Frank Griggs take

County v. Otto Independent School Dist., Tex.Civ.App., 203 S.W.2d 299.

 If W. B. Johnson had no authority to make the contract pleaded by the appellant, surely, the appellant would not have a cause of action against the appellee. We think the same would be true as to the contention about the Statute of Frauds. Under this record, we think it is clear the Articles appellant was to purchase, or a great portion thereof, were fixtures and a part of the realty. As a general rule, the permanent annexation to the soil of a thing in itself personal makes it a part of the realty. The undisputed affidavits show most of the property to be permanently attached to a reinforced concrete foundation, and we think under that condition would be a part of the realty, and would have to be torn down before it would become personalty. A verbal sale of such structures, which we think is clearly shown in this record to be a part of the realty, without first severing it from the land, is void under the Statute of Frauds. Brown v. Roland, 92 Tex. 54, 45 S.W. 795; Jones v. Bull, 85 Tex. 136, 19 S.W. 1031 and Paschal v. Hart, Tex. Civ.App., 105 S.W.2d 337.

Since the appellant did not properly contest the motion for summary judgment by any sworn proof contesting the affidavits and deposition that Johnson had no authority to make any such contract and, also to show the Statute of Frauds would not apply, the court could do nothing other than grant the summary judgment. We think this case comes clearly within the rule as expressed in the case of Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, 239 (writ refused N.R.E.) where it is stated:

"Against this mountain of sworn showings, appellants have not pointed us to a single line which they have controverted by a sworn statement. They appeared at the hearing and announced ready for trial on the motions for summary judgment. They sought no additional time and made no showing that affidavits were unavailable. While appellees were shouting their facts, appellants elected to remain mute. We conclude that the facts asserted by appellees under these circumstances could not be denied under oath. 'By failing to avail himself of this opportunity, plaintiff in effect admitted the facts alleged in the affidavit supporting the motion for summary judgment and left the trial court no alternative.' Gifford v. Travelers Protective Ass'n, 9 Cir., 153 F.2d 209, 211."

Judgment of the trial court is affirmed.