

# THE ATTORNEY GENERAL
## OF TEXAS

September 29, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable L. M. Braziel
Rains County Attorney
Courthouse
Emory, Texas    75440

Opinion No. JM-800

Re: Whether article 2368a.2, V.T.C.S., permits the construction of a county jail building through a lease-purchase agreement when the agreement describes the building as "personal property"

Dear Mr. Braziel:

You ask the following question:

> May the construction of a county jail building be lawfully financed through a lease-purchase arrangement, pursuant to article 2368a.2, V.T.C.S., when the parties have contractually characterized the jail building as "personal property"?

The Rains County Commissioners Court has entered into a "lease-purchase" agreement with Consolidated Financial Resources regarding certain "Property" defined as follows:

> Relocatable County jail facility erected with 32 Dan/Tex finished ribbed panels and consisting of 51 rooms, including bed-space for 17 prisoners, together with a chain-link enclosure for an exercise yard.

Lease-Purchase Agreement By and Between Consolidated Financial Resources, Inc., and Rains County, Texas, November 1, 1985, Exhibit A [hereinafter Agreement].

The lease-purchase agreement is actually a financing arrangement. Consolidated Financial Resources, Inc. does not agree to deliver the property to the county. Instead, the agreement provides that the property shall be acquired and installed pursuant to one or more purchase contracts entered into by the county and one or more contractors. Lease payments are allocated between principal and

interest. Agreement, Exhibit B.  The county in  fact has entered into a purchase contract to  acquire a relocatable jail from Detention Systems, Inc.  Id. Exhibit C.

The  following  provision  of  the  lease-purchase agreement characterizes the jail as personal property:

> The Property is and will remain  personal property and will  not  be  deemed  to  be affixed to or a part  of the real estate  on which it  may be  situated,  notwithstanding that the Property or any part thereof may be or hereafter become in any manner physically affixed or attached  to real  estate or  any building thereon.  Upon direction of Lessor, Lessee will, at Lessee's expense, furnish  a landlord or mortgagee waiver with respect to the Property.  In  addition, upon  execution of  this  Lease,  Lessee  shall  furnish  to Lessor a certificate executed by an engineer or architect,  said  engineer  or  architect being  approved  by  Lessor  and  being  not affiliated with  any Contractor,  certifying that  any  portion  of  the  Property  which constitutes  a  building  or  structure  is structurally relocatable  and  is  and  will remain personal property.

Agreement, §13.

The  architect's  letter  to  Consolidated  Financial Resources states that

> all construction elements of the jail  could be  relocated  with  the  exception  of  the following:
>
> 1.  Site        - underground utilities
>                  - parking surfaces
>                  - sidewalks
>                  - site grading
>                  - landscaping
>
> 2.  Building  - plumbing under slab
>                  foundation
>               - concrete floor slab
>               - floor coverings
>               - gypsum steel stud walls

All remaining construction elements could, therefore, remain personal property.

A brief submitted in support of the lease agreement states that site preparation, underground utilities, and other "non-relocatable" elements will be financed separately from the jail facility. The jail will be constructed with prefabricated panels. If the county terminates the agreement prior to purchase of the jail facility, the facility will be removed and returned to Consolidated Financial Resources. Agreement, §§8, 23.

The requestor writes that the Rains County jail is described as "relocatable," but that

> it appears from its size and manner of construction that it would be commercially impractical to do so. The jail facility seems to be quite different from the type of structures typically considered to be 'personal property' -- temporary buildings and trailers which are brought to the property fully assembled, or temporary buildings and sheds built through the efforts and expense of a tenant upon lease-hold property, intended for removal by the tenant when his lease expires.

Article 2368a.2, V.T.C.S., the Public Property Finance Act, authorizes governmental agencies, including counties, to enter into contracts to lease or purchase property. V.T.C.S. art. 2368a.2, §4(a). The county may agree to a lease, a lease purchase contract, or an installment purchase. Id. The statute defines "property" as

> personal property, appliances, equipment, facilities or furnishings or an interest therein, whether movable or fixed. . . .

V.T.C.S. art. 2368a.2, §3(11). It also includes the following provision:

> Notwithstanding any contrary provision, this Act does not apply to a contract solely for the construction of improvements to real property.

V.T.C.S. art. 2368a.2, §9.

Attorney General Opinion JM-697 (1987) cited sections 3(11) and 9 of article 2368a.2, V.T.C.S., quoted above, and stated that this statute does not authorize the commissioners court to acquire a jail under a lease purchase contract. Legislative history evidences the legislative intent that article 2368a.2, V.T.C.S., does not authorize the acquisition of real property. This statute was enacted by House Bill No. 1176 of the Sixty-sixth Legislature. Acts 1979, 66th Leg., ch. 749, at 1839. The bill was amended in the House to add the language in section 9, quoted above, that the act does not apply to a contract solely for the construction of improvements to real property. Bill File to H.B. No. 1176, 66th Leg., filed in Legislative Reference Library. The Senate amended the bill's definition of "property," which originally stated, among other things, that property means "any property other than land." Id. The Senate amendment, which is part of the enacted language quoted above as section 3(11) defines property to mean personal property, appliances, equipment, facilities, or furnishings and adds the express provision that property "shall not include real property." Hence, it appears that the intention of the legislature was to exclude more than land and instead to exclude real property and the construction of improvements to real property.

Attorney General Opinion JM-697 concluded that a county has implied authority to acquire a jail through a lease-purchase contract extending beyond the present year, but did not consider whether a commissioners court could bring a jail construction project within article 2368a.2, V.T.C.S., by agreeing that it would remain personal property. The opinion further stated that article 2368a.2, V.T.C.S.,

> establishes a procedure whereby the validity of a contract may become 'incontestable for any cause,' and provides that contracts entered into pursuant to the statute are legal and authorized investments for certain enumerated financial institutions and sinking funds of governmental bodies. See V.T.C.S. art. 2368a.2, §§6, 7. The legislature may have excluded real property and the improvement of real property from article 2368a.2 because it did not want all of these provisions to apply to contracts for the acquisition or improvement of real property.

Attorney General Opinion JM-697 (1987).

Unless the commissioners court may make a valid agreement that the county jail will be personal property, it may not construct and finance this project under article 2368a.2, V.T.C.S.

Tangible property is either realty or personalty and the word "real" describes land and that which is annexed to it. Erwin v. Steele, 228 S.W.2d 882, 885 (Tex. Civ. App. - Dallas 1950, writ ref'd n.r.e.). Generally, a building constructed on land becomes part of the freehold in the absence of an intention or agreement that the building will not become permanently annexed to the land, and the law presumes that a house located on land is part of the land in the absence of evidence to the contrary. See Brown v. Roland, 45 S.W. 795, 796 (Tex. 1898); Ford v. Forsgard, 27 S.W. 57, 58 (Tex. 1894); Calvert v. Welch, 369 S.W.2d 840, 842 (Tex. Civ. App. - Texarkana 1963, no writ); Griggs v. Magnolia Petroleum Company, 319 S.W.2d 818, 819 (Tex. Civ. App. - Amarillo 1958, no writ); Evangelical St. John's Church v. Otto Independent School District, 203 S.W.2d 299, 301 (Tex. Civ. App. - Waco 1947, no writ). Black's Law Dictionary 1096 (5th ed. 1979), defines real property as land and generally whatever is erected or growing upon or affixed to land. Thus, a jail building would ordinarily be considered to be real property, even though a substantial portion consisted of relocatable "construction elements."

It is a well recognized rule that, as between the parties to a contract, the character of property may be fixed by contract to the effect that it shall remain personalty and not become attached to real property. Citizens' National Bank v. Elk Mfg. Co., 29 S.W.2d 1062, 1066 (Tex. Comm'n App. 1930, judgment adopted); Rogers v. Fort Worth Poultry and Egg Co., 185 S.W.2d 165, 167 (Tex. Civ. App. - Fort Worth 1944, no writ).

While fixing the character of property as between the parties to a contract, such an agreement does not determine the character of the property as to all persons and purposes. The Texas courts have held that third party purchasers and mortgagees who take in good faith and without notice of such an agreement have a right to view the property in accord with its apparent condition and character at the time of the purchase or acceptance of the mortgage. See Citizens' National Bank v. Elk Mfg. Co., supra; Phillips v. Newsome, 179 S.W. 1123, 1124 (Tex. Civ. App. - Fort Worth 1915, no writ); Ice, Light, and Water Co. v. Lone Star Engine & Boiler Works, 41 S.W. 835, 836 (Tex. Civ. App. 1897, no writ). The intention of a party

as to the character of property has been held not to determine its character for insurance purposes in the face of physical facts to the contrary. See Ruby v. Cambridge Mutual Fire Insurance Company, 358 S.W.2d 943, 946 (Tex. Civ. App. - Dallas 1962, no writ).

In the present case, the legislature intended that article 2368a.2, V.T.C.S., not apply to real property. The parties have attempted to bring real property within the statute by characterizing it as "personal property" despite physical facts to the contrary. The parties could not alter the statutory definition by consent. See Casias v. State of Texas, 503 S.W.2d 262 (Tex. Crim. App. 1973); see also Ex parte Salter, 452 S.W.2d 711 (Tex. Civ. App. - Houston [1st Dist.] 1970, writ ref'd) (court must confine itself to a reasonable construction of the language used). We believe the characterization of real property as personal property should be disregarded, as an attempt to circumvent the legislative intent underlying article 2368a.2, V.T.C.S.

The provisions of the Public Property Finance Act do not apply to the lease agreement which the Rains County Commissioners Court entered into to finance the acquisition of a county jail.

### S U M M A R Y

Article 2368a.2, V.T.C.S., the Public Property Finance Act, applies to the acquisition of personal property and not real property. The parties to a contract may not bring property ordinarily considered to be real property within the terms of this statute by agreeing to characterize it as personal property.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General